FILED
MAY 27 2010
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

ENTERED
MAY 27 2010
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

ORIGINAL

RON BENDER (SBN 143364)
JACQUELINE L. RODRIGUEZ (SBN 198838)
TODD M. ARNOLD (SBN 221868)
JOHN-PATRICK M. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: rb@lnbrb.com; jlr@lnbrb.com; tma@lnbrb.com; jpf@lnbrb.com

Attorneys for Chapter 11 Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

In re:

WESTCLIFF MEDICAL LABORATORIES, INC.,

    Debtor.

_____

BIOLABS, INC.,

    Debtor.

_____

☒ Affects Both Debtors

☐ Affects WESTCLIFF MEDICAL LABORATORIES, INC. only

☐ Affects BIOLABS, INC. only

Lead Case No. 8:10-bk-16743-TA
Jointly Administered with
Case No. 8:10-bk-16746-TA
Chapter 11 Cases

Chapter 11 Cases

**ORDER SETTING HEARING ON SALE MOTION, APPROVING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OUT OF THE ORDINARY COURSE OF BUSINESS AND FREE AND CLEAR OF LIENS, APPROVING BID PROTECTIONS AND BREAK UP FEE FOR STALKING HORSE PURCHASER AND GRANTING OTHER RELIEF**

Court Scheduled Hearing:
Date: May 27, 2010
Time: 11:00 a.m.
Place: Courtroom "5B"
411 West Fourth Street
Santa Ana, CA 92701-4593

SALE HEARING DATE:
JUNE 3, 2010
2:00 PM

RA-3004823 v3

The Court has considered the Emergency Motion filed on May 20, 2010 (the "Procedures Motion") by BIOLABS, INC. and WESTCLIFF MEDICAL LABORATORIES, INC., jointly administered, Chapter 11 debtors and debtors in possession (collectively, the "Debtors"), seeking the approval of the United States Bankruptcy Court for the Central District of California (the "Court") of certain sale procedures pursuant to various provisions of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code") and Rules 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the local rules of this Court. Under the terms proposed in the Procedures Motion (the "Sale Procedures"), the Debtors request authority to provide notice of and to employ the Sale Procedures to permit interested parties to seek to purchase certain assets, together with the assumption and assignment of certain executory contracts and unexpired leases; to provide the terms pursuant to which such interested parties may become a qualified bidder; and to have the winning bidder (the "Winning Bidder") for the sale of the assets be approved by the Court at a hearing (the "Sale Hearing") to be held no later than twelve calendar days after the Petition Date. The Debtors also ask this Court to approve certain bid protections for WAVE NEWCO, INC., a Delaware corporation ("Stalking Horse Purchaser"), a wholly-owned subsidiary of LABORATORY CORPORATION OF

AMERICA, a Delaware corporation, or the assignee thereof, in connection with the Stalking Horse Purchaser's prepetition agreement with the Debtors to purchase substantially all of the Debtors' assets out of the ordinary course of business and free and clear of all liens, claims and interests pursuant to 11 U.S.C. §§105, 363(b) and (f), and 365 (the "APA"), which APA is the subject of a separate and simultaneously filed motion (the "Sale Motion"). This Court having reviewed the Procedures Motion and the Sale Motion, together with the Declarations of the Debtors' representatives filed in support thereof, found good and sufficient cause to enter this Order as requested in the Procedures Motion.

IT IS THEREFORE ORDERED AS FOLLOWS:

1.   The Procedures Motion is approved and allowed and the Sale Procedures set forth in the Procedures Motion are adopted in their entirety.

2.   Specifically, the Court approves the following Sale Procedures and provisions with respect to the transaction ("Transaction") as contemplated by the Procedures Motion:

   a.   a break up fee in an amount equal to Two Million Two Hundred Fifty Thousand Dollars ($2,250,000) (the "Break Up Fee") shall be immediately due and payable to Stalking Horse Purchaser from the proceeds of sale at Closing in the event another party is determined to be the Winning Bidder, and the Break Up Fee shall not

1 | be subject to the lien of any Encumbrance that might otherwise
2 | attach to the proceeds of sale;
3 |     b.   in the event there are one or more Qualified Bidders
4 | seeking to make a competing bid in respect to that of the Stalking
5 | Horse Purchaser, there shall be a required minimum initial overbid
6 | of Two Million ~~Nine~~ [four] Hundred Fifty Thousand Dollars ($2,~~950~~ [450],000)
7 | ("Initial Overbid Amount") above the purchase price offered by the
8 | Stalking Horse Purchaser;
9 |     c.   in the event there are bids made by Qualified Bidders
10 | after an Initial Overbid Amount, then such additional bids shall be
11 | in increments of not less than One Hundred Thousand Dollars
12 | ($100,000);
13 |     d.   in order for any interested party to be considered a
14 | "Qualified Bidder," such bidder must, on or before two (2) Business
15 | Days before the Sale Hearing, (i) submit to the Debtors and the
16 | Stalking Horse Purchaser at the notice addresses for their
17 | respective counsel on file with the Court, written confirmation of
18 | the existence of committed financing or other available funds that
19 | evidences that the proposed bidder has the financial ability to pay
20 | the Purchase Price plus the Initial Overbid Amount, and (ii)
21 | further must make a "good faith deposit" in an amount equal to Four
22 | Million Dollars ($4,000,000) in immediately available funds in
23 | escrow with counsel for the Debtors;

  e. the winning bid of a Qualified Bidder shall be the highest bid (the "Winning Bid") in dollars; provided, however, that if (x) the highest bid made by a Qualified Bidder other than the Stalking Horse Purchaser minus the Break Up Fee is less than (y) the highest bid of the Stalking Horse Purchaser, then the bid of the Stalking Horse Purchaser shall be the Winning Bid;

  f. any Qualified Bidder shall be subject to be determined to have provided a back up bid in connection with the Transaction (the "Back Up Bid");

  g. A Back Up Bid shall be equal to one of the following: (a) if the Winning Bid is made by the Stalking Horse Purchaser, the highest bid made by a Qualified Bidder other than the Stalking Horse Purchaser or (b) if the Winning Bid is made by a Qualified Bidder other than the Stalking Horse Purchaser, the second highest bid made by a Qualified Bidder; provided, however, that if (x) the second highest bid made by a Qualified Bidder (other than the Stalking Horse Purchaser) minus the Break Up Fee is less than (y) the highest bid made by the Stalking Horse Purchaser, then the Back Up Bid shall be the highest bid of the Stalking Horse Purchaser;

  h. the deposit posted by the maker of the Back Up Bid shall not be refunded until five (5) Business Days following the closing of the sale to the maker of the Winning Bid;

  i. the Sale Hearing shall be held on ~~May~~ June 3, 2010, at 2:00 ~~p~~.m.;

j.   in the event the Winning Bidder fails to close the Transaction as required by the Orders of this Court, then the maker of the Back Up Bid shall be required to consummate the Transaction within ten (10) days following receipt of written notice from the Debtors of the failure of the maker of the Winning Bid to consummate the Transaction, provided such written notice is provided to the maker of the Back Up Bid within thirty-five (35) days following the Petition Date; and

k.   In the event that the maker of the Back Up Bid fails to consummate the Transaction as required by the preceding subparagraph, then the maker of the Back Up Bid shall have forfeited its entire good faith deposit to the Debtors.

3.   The Court has duly considered the Debtors' request with respect to the procedures set forth in this Order and has concluded that the terms are the best terms available under the circumstances and that the sale to Stalking Horse Purchaser (unless there is a higher Winning Bid, as defined above) is in the best interests of the Debtors' estates.  In reaching this conclusion, the Debtors' management has carefully weighed a number of considerations which the Court finds persuasive, including the following:

a.   The Debtors undertook an intensive effort lasting more than one year to identify a potential purchaser of their assets;

b.   The Stalking Horse Purchaser was the only party which offered an acceptable proposal to the Debtors;

    c.    The Debtors' Business may be deteriorating, and the Debtors are in immediate danger of losing both employees and their ongoing contracts to competitors, either of which would substantially impair the value of the Debtors' assets, which constitutes a danger of immediate and irreparable harm to the Debtors and their creditors;

    d.    Any further delay by the Debtors to seek alternative or higher prices for their assets would instead likely result in further significant reduction in the size of the Debtors' business and asset values and likely impair the value of the Debtors' business in a significant manner;

    e.    The Debtors are in default under their credit facility with their secured lender and their secured lender is no longer willing to fund the Debtors' ongoing and significant cash short falls and operating losses;

    f.    The Debtors lack the cash necessary to sustain their operations or to satisfy their secured debt obligations absent the expedited sale of their assets as set forth in the APA. Absent such an expedited sale of their assets, the Debtors will likely be forced to cease their business operations and liquidate their assets, with such liquidation likely producing insufficient sums to repay their secured creditor, let alone any unsecured creditors;

    g.    The Debtors' operations have been hampered by ongoing litigation with the State of California, further reducing the prospect of a sale of the Debtors' assets outside of bankruptcy;

4.    The proposed sale procedures are reasonable under the exigent circumstances of these cases and create the greatest prospect for recovery by the Debtors' creditors. The Debtors have demonstrated to the Court that an extended period of time of even 30 days in Bankruptcy results in a significant risk that the Debtors' asset value will deteriorate to a degree that the applicable Material Adverse Change provisions of the APA will become applicable, allowing the Stalking Horse Purchaser to either reduce the purchase price or terminate the Transaction entirely before consummation.

5.    An auction sale of the Debtors' assets pursuant to the Procedures Motion, including the proposed Break Up Fee and the other protections provided in this Order, together with the Sale Motion and the APA, is in the best interests of the Debtors, their creditors, and their bankruptcy estates.

6.    The Debtors are expressly authorized and empowered to offer their assets for sale pursuant to this Procedures Order.

7.    In the event that any terms, provisions, or conditions of any closing document or the APA conflict with the terms, provisions or conditions of this Order, then the terms, provisions and conditions of this Order shall control the implementation and interpretation of such documents.

8. Any capitalized, undefined terms contained in this Order shall have the meaning ascribed thereto in the APA.

9. Notice of the Entry of this Order, a copy of this Order, notice of the Sale Hearing and notice of the Sale Motion shall be served by the Debtors immediately upon entry of this Order and in no event more than 24 hours after entry of this Order pursuant to the forms of notice (which forms are hereby approved in all respects) attached to the Procedures Motion on the following:

    (i) all Persons that claim any interest in or Encumbrance upon the Purchased Assets;
    (ii) all parties to Designated Contracts;
    (iii) all Governmental Authorities with taxing power that have, or as a result of the sale of the Purchased Assets may have, claims, contingent or otherwise, against the Debtors;
    (iv) all Persons that file requests for notices under Bankruptcy Rule 9010(b);
    (v) all interested Governmental Authorities, including those administering Governmental Programs;
    (vi) the attorneys general of all states in which the Purchased Assets are located,
    (vii) the Office of the United States Trustee;
    (viii) all Persons that expressed to the Debtors an interest in purchasing the Purchased Assets in the twelve (12) months prior to the date of the APA;
    (ix) any other Person reasonably requested by Purchaser;
    (x) any patient who has notified or threatened the Debtors with any claim; and
    (xi) all interested Private Programs.

10. In addition, the Debtors shall serve Notice of the Sale Motion in the form approved by the Bankruptcy Court on the following:

9

(i) all creditors (whether liquidated, unliquidated, contingent, noncontingent, unsecured, secured, contested or uncontested) of the Debtors, including, without limitation all individuals employed by either of the Debtors on or after January 1, 2008;
(ii) all other Persons entitled to notification under Bankruptcy Rule 2002; and
(iii) all other Persons entitled to notice pursuant to applicable Legal Requirements.

11. Further, the Debtors shall post a copy of the Sale Motion on its website and publish notice of the Sale Motion in appropriate media outlets, including, without limitation, the following: [Debtors to propose list to insert here ~~Los Angeles Times, Orange County Register, San Francisco Chronicle, & Wall Street Journal~~ subject to the approval of Stalking Horse Purchaser].

12. The provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (a) appointing a Chapter 11 Trustee in either or both of the Debtors' cases; (b) converting the Chapter 11 cases to Chapter 7 cases; or (c) dismissing the Chapter 11 cases, and the terms and provisions of this Order shall continue in full force and effect notwithstanding the entry of such order or conversion or dismissal.

Dated: **MAY 27 2010**

_____
UNITED STATES BANKRUPTCY JUDGE

APPROVED:
BUCHALTER NEMER
By: Bernard D. Bollinger
Counsel to Creditors Committee (Proposed)

10

1

2 | In re: | CHAPTER 11
**WESTCLIFF MEDICAL LABORATORIES, INC.** | CASE NUMBER Lead Case No. 8:10-bk-16743
3 | Debtor(s). | Jointly Administered with Case No. 8:10-bk-16746

4  **NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

5  I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business
6  address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

7  A true and correct copy of the foregoing document described as **ORDER SETTING HEARING ON SALE MOTION, APPROVING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OUT OF THE ORDINARY COURSE OF BUSINESS AND FREE AND CLEAR OF LIENS, APPROVING BID
8  PROTECTIONS AND BREAK UP FEE FOR STALKING HORSE PURCHASER AND GRANTING OTHER RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR
9  5005-2(d); and **(b)** in the manner indicated below:

10  I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to
controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by
11  the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this
bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic
12  Mail Notice List to receive NEF transmission at the email address(es) indicated below:

13                                                  ☐ Service information continued on attached page

14  II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy
15  case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United
States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing
16  the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after
the document is filed.*

17
                                                  ☐ Service information continued on attached page
18
III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for
19  each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 27, 2010, I served the
following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such
20  service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a
declaration that personal delivery on the judge will be completed no later than 24 hours after the document is
21  filed.*

22  Via Hand Delivery
The Hon. Theodor C. Albert
23  United States Bankruptcy Court
411 West Fourth Street
24  Santa Ana, CA 92701
                                                  ☐ Service information continued on attached page
25

26

27

28

11

1  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

2  

| May 26, 2010 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| Date | Type Name | Signature |

---

his form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009                                                                                                                            **F 9013-3.1**

| In re:<br>**WESTCLIFF MEDICAL LABORATORIES, INC.**<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER Lead Case No. 8:10-bk-16743<br>Jointly Administered with Case No. 8:10-bk-16746 |
|---|---|

### NOTE TO USERS OF THIS FORM:

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER SETTING HEARING ON SALE MOTION, APPROVING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OUT OF THE ORDINARY COURSE OF BUSINESS AND FREE AND CLEAR OF LIENS, APPROVING BID PROTECTIONS AND BREAK UP FEE FOR STALKING HORSE PURCHASER AND GRANTING OTHER RELIEF** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of May 26, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Todd M Arnold     tma@lnbrb.com
- Ron Bender     rb@lnbrb.com
- Nancy S Goldenberg     nancy.goldenberg@usdoj.gov
- Michael J Heyman     michael.heyman@klgates.com
- Rodger M Landau     rlandau@lgbfirm.com, kmoss@lgbfirm.com
- Michael B Lubic     mlubic@sonnenschein.com
- Jacqueline L Rodriguez     jlr@lnbrb.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
- Sharon Z Weiss     sharon.weiss@hro.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009     **F 9021-1.1**