Richard L. Barnett, Esq. SBN 89015
rick@barnettrubin.com
Kathryn B. Salmond, Esq. SBN 139101
kathy@barnettrubin.com
BARNETT & RUBIN
A Professional Corporation
5450 Trabuco Road
Irvine, CA 92620
Tel: (949) 261-9700; Fax: (949) 261-9799

Attorneys for MISSION HOSPITAL REGIONAL MEDICAL CENTER dba MISSION HOSPITAL

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>WESTCLIFF MEDICAL LABORATORIES, INC.,<br><br>             Debtor.<br><br>_____<br><br>BIOLABS, INC.,<br><br>             Debtor.<br><br>_____ | CASE NO: 8:10-bk-16743-TA<br>Jointly Administered with<br>Case No. 8:10-bk-16746-TA<br>Chapter 11 Cases<br><br>**OPPOSITION OF MISSION HOSPITAL AS LANDLORD TO DEBTOR'S ASSUMPTION AND ASSIGNMENT OF REAL PROPERTY LEASES; DECLARATION OF RICHARD L. BARNETT IN SUPPORT**<br><br>Date: June 3, 2010<br>Time: 2:00 p.m.<br>Place: Courtroom 5B<br>       411 West Fourth Street<br>       Santa Ana, CA 92701-4593 |

TO THE HONORABLE THEODOR ALBERT BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND DEBTOR, WESTCLIFF MEDICAL LABORATORIES, INC. AND COUNSEL:

Mission Hospital Regional Medical Center, a California Non-Profit Public Benefit Corporation dba Mission Hospital ("Lessor") objects to the Debtor's motion to assume and assign certain leases between lessor and the Debtor as requested in the Debtor's Motion for Authority to Sell Assets which is set for hearing at the above time and place. Lessor's opposition is based upon the fact that inadequate time existed to review, evaluate and respond to

the Debtor's motion and on the basis that the motion does not provide sufficient information evidence upon which to authorize an assumption and assignment of the subject leases.

## BACKGROUND

It appears from a review of the Debtor's documentation, of which the Court may take judicial notice from the file, that the Debtor's motion was served by mail on or about Thursday, May 27, or Friday, May 28, 2010. As a result, such documents would not have been received prior to Friday, May 28, 2010 or Monday, May 31, 2010 which was a legal holiday. Accordingly, Lessor's staff did not see the documentation until Tuesday, June 1, 2010, at which time they immediately passed it through the requisite corporate structure and the same were expeditiously transmitted to counsel who had an opportunity to review the same on June 2, 2010, the same date that opposition was due. The documents received by counsel did not include the applicable motion or exhibits and in reviewing the same online, it appeared that Debtor had incorporated into the motion not only an extensive asset purchase agreement but also the terms of a proposed 34 page order, exclusive of any exhibits. The Lessor in this case is part of a corporate structure and despite diligent efforts by counsel's office, documentation was not able to be obtained in time to evaluate and respond. A review of the Debtor's moving papers and exhibits, more specifically Exhibit 2 to the motion reflects the following leases are at issue:

**27800 Medical Center Road, Suite 118, Mission Viejo, CA 92691**

**26732 Crown Valley Parkway, Suite 443, Mission Viejo, CA**

The two above leasehold premises are apparently sought to be assumed and assigned by the Debtor as they are included in Schedule 2.4(a)-1.

**26732 Crown Valley Parkway, #572, Mission Viejo, CA**

The above leasehold premises is contained on Debtor's Schedule 2.4(a)-2, indicating that Debtor and the purchaser desire an extended period of time within which to make the assumption and assignment decision.

While Debtor's counsel has been unable to obtain detailed information regarding the subject premises or the Lessor's position with regard to assumption or assignment of the same,

1  Counsel has been advised by Lessor's staff that the premises located 26732 Crown Valley
2  Parkway, Suite 443, Mission Viejo, CA is not leased to Westcliff Medical Laboratories, Inc., or
3  its affiliated Debtor Biolabs, Inc.

## POINTS & AUTHORITIES

In order to assume or reject the subject leases, Debtor must comply with the provisions of 11 U.S.C. § 365 which requires that **Debtor cure or provide adequate assurances that Debtor will timely cure any monetary defaults, including any actual pecuniary loss to a party resulting from such default and provide adequate assurance of future performance under the lease**.

Debtor in this case has presented no evidence whatsoever to the Court so as to satisfy any of those criteria. In fact, Lessor disputes that Debtor is even a lessee of the 26732 Crown Valley Parkway, Suite 443, Mission Viejo, CA premises.

In addition to the Debtor's failure to provide evidence in support of the requisite criteria for assumption and assignment, Lessor has had virtually no opportunity to review the facts or evaluate its position in this matter so as to tender a meaningful response. Subject to a review of the facts and discussion with the Debtor and Purchaser's representatives, it may appear that Lessor has no opposition to some or all of the proposed assignments, however, no reasonable opportunity has been provided to make that decision. Lessor submits that the **time afforded for a response in this matter falls short of even providing an appearance of due process**. As evidenced by the Asset Purchase Agreement, attached as Exhibit 1 to the Debtor's moving papers, the same is dated May 17, 2010 and the Debtor has been contemplating and negotiating these transactions for a significant period of time in advance thereof. Notwithstanding, Lessor now finds itself being asked to evaluate hundreds of pages of documents from the lease agreements, etc. to take a position and file a response effectively the same day. The Lessor reserves its rights to assert further defenses following an opportunity to review applicable evidence.

In light of the foregoing, and the attached Declaration of Richard L. Barnett, Lessor requests that this court deny the Debtor's Motion to Assume and Assign the subject leases on the

3

1. grounds that insufficient evidence has been submitted in support of the same and on the basis
2. that constitutional due process mandates that Lessor have a reasonable opportunity to employ
3. counsel and provide counsel with the relevant documentation such that Lessor may evaluate its
4. position and have its counsel present a meaningful response and for such further relief as the
5. Court may deem proper.

RESPECTFULLY SUBMITTED,

Dated: June 2, 2010

_____
RICHARD L. BARNETT
Attorney for MISSION HOSPITAL
REGIONAL MEDICAL CENTER dba
MISSION HOSPITAL

## DECLARATION OF RICHARD L. BARNETT

I, Richard L. Barnett, declare:

1. I am an attorney at law duly licensed to practice in the State of California and before the above-entitled court. Further, that I am employed by the office of Barnett & Rubin, a Professional Corporation, which firm has been engaged on behalf of Mission Hospital Regional Medical Center, for representation in this matter. I first saw emailed documentation relating to the sale motion on the morning of June 2, 2010 which material was forwarded to me by Mission Hospital's parent or affiliate organization. I have not yet been able to discuss the merits of this matter with the appropriate representatives of the Lessor as they have not been available during the brief period that I have had to communicate with them. Nor have I had an opportunity to review all applicable documentation including the leases at issue.

2. In the limited discussions which I have had with representatives of the Lessor, I have been advised that the property at 26732 Crown Valley Parkway, Suite 443, Mission Viejo, CA is not leased to either of the Debtor's in this proceeding and the Lessor's representative with whom I spoke was unaware that the Debtor was in possession of that premises.

3. The Lessor is in the process of Federal Expressing to my office significant documentation with regard to this proceeding, including copies of the applicable leases. I have not received that documentation at this time.

4. From what materials I have had an opportunity to review this date by way of emails and access to the Court's ECF system, it appears that opposition is due to this motion as of this date, June 2, 2010 and thus this summary form of interim opposition has been filed. In my opinion, it would be most appropriate to continue the hearing on the assumption and assignment of the subject leases, to provide the parties an opportunity to review the applicable documentation, discuss the transaction and file subsequent pleadings as necessary.

5. The time afforded to review and respond in this matter, has been wholly inadequate for my office to acquire and review documentation and/or to discuss the same with my client's representatives so as to respond.

6.     I make this declaration on my client's behalf as I have not had sufficient time to prepare and acquire a declaration from my client's representatives.

I have personal knowledge of the foregoing facts, except to the extent that the context indicates otherwise and I can competently testify thereto.

I declare the above to be true and correct under penalty of perjury.

Executed in Orange County, California on this 2nd day of June 2010.

_____
RICHARD L. BARNETT

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Jeffrey Corporate Centre, 5450 Trabuco Road, Irvine, California 92620.

The foregoing document described as **OPPOSITION OF MISSION HOSPITAL AS LANDLORD TO DEBTOR'S ASSUMPTION AND ASSIGNMENT OF REAL PROPERTY LEASES; DECLARATION OF RICHARD L. BARNETT IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 2, 2010, I checked the CM/ECF docket for this bankruptcy case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**United States Trustee (SA)**: ustpregion16.sa.ecf@usdoj.gov

**Richard L. Barnett, Counsel for Trustee**: rick@barnettrubin.com
**Todd M. Arnold:** tma@lnbrb.com
**Ron Bender:** rb@lnbrb.com
**Jeffrey K. Garfinkle:** bkgroup@buchalter.com ; jgarfinkle@buchalter.com
**Nancy S. Goldenberg:** nancy.goldenberg@usdoj.gov
**Michael J. Heyman:** michael.heyman@klgates.com
**Rodger M. Landau:** rlandau@lgbfirm.com ; kmoss@lgbfirm.com
**Michael B. Lubic:** michael.lubic@klgates.com
**Jacqueline L. Rodriguez:** jlr@lnbrb.com
**Sharon Z. Weiss:** sharon.weiss@hro.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL:**
On June 2, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Debtor**:    Westcliff Medical Laboratories, Inc., 1821 E. Dyer Road, #100, Santa Ana, CA 92705

**Judge's Copy:** Honorable Theodor Albert, U.S. Bankruptcy Court, 411 W. Fourth St., Santa Ana, CA 92701
☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

June 2 2010
DATE                                    MELISSA N. ALVAREZ

7