JENNIFER WITHERELL CRASTZ (SBN 185487)
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, California 91436
Telephone: (818) 501-3800
Facsimile: (818) 501-2985
email: jcrastz@hemar-rousso.com

Attorneys for Beckman Coulter, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>WESTCLIFF MEDICAL LABORATORIES, INC.,<br><br>Debtor.<br><br>---<br><br>BIOLABS, INC.,<br><br>Debtor. | Lead Case No.: 8:10-bk-16743-TA<br>Jointly Administered with<br>Case No.: 8:10-bk-16746-TA<br><br>Chapter 11 Cases<br><br>**OBJECTION OF BECKMAN COULTER, INC. TO DEBTORS' MOTION FOR ORDER: (1) APPROVING SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS (EXCLUDING CASH AND ACCOUNTS RECEIVABLE) FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS; (2) APPROVING OF DEBTORS' ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS; (3) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(H) AND 6006(D); AND (4) GRANTING RELATED RELIEF**<br><br>**Hearing Date:** June 3, 2010<br>**Hearing Time:** 2:00 p.m.<br>**Courtroom:** 5B<br>**Judge:** Hon. Theodor C. Albert<br>**Location:** 411 West Fourth Street, Santa Ana, CA 92701 |

1

OBJECTION TO DEBTORS' MOTION FOR ORDER APPROVING SALE OF DEBTORS' ASSETS ETC.

Creditor Beckman Coulter, Inc. (***"Beckman"***), by and through its undersigned counsel, files this Objection to Motion for Order: (1) Approving Sale of Substantially All of Debtors' Assets (Excluding Cash and Accounts Receivable) Free and Clear of All Liens, Claims, and Interests; (2) Approving of Debtors' Assumption and Assignment of Unexpired Leases and Executory Contracts; (3) Waiving the 14-Day Stay Periods Set Forth in Bankruptcy Rules 6004(h) and 6006(d); and (4) Granting Related Relief ("Objection"), and in support thereof states as follows:

## INTRODUCTION

Beckman is an equipment lessor that previously sold and currently leases certain medical equipment to the Debtors. On Friday, May 28, 2010, Debtors filed a motion seeking approval of the sale of substantially all of the Debtors' assets on an expedited basis. Beckman did not receive notice of said motion until June 1, 2010, approximately two (2) days before a hearing on the motion. Beckman has had very little time to review the motion and its attachments. Nevertheless, Beckman objects to the motion insofar as the motion seeks to determine certain cure amounts the Debtor must pay Beckman upon assumption and assignment of Beckman's leases and insofar as the motion seeks to sell equipment that Debtors are currently leasing from Beckman.

## OBJECTION

1. On May 19, 2010 (the ***"Petition Date"***), Westcliff Medical Laboratories, Inc. and Biolabs, Inc. (collectively, the ***"Debtors"***) filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

2. On May 28, 2010, Debtors filed a Motion for Order: (1) Approving Sale of Substantially All of Debtors' Assets (Excluding Cash and Accounts Receivable) Free and Clear of All Liens, Claims, and Interests; (2) Approving of Debtors' Assumption and Assignment of Unexpired Leases and Executory Contracts; (3) Waiving the 14-Day Stay Periods Set Forth in Bankruptcy Rules 6004(h) and 6006(d); and (4) Granting Related Relief (the ***"Sale Motion"***).

3. The Sale Motion seeks authority to, inter alia, sell substantially all of Debtors' assets, excluding certain assets such as cash and accounts receivable, to Wave Newco, Inc.

1  (*"Purchaser"*) pursuant to an asset purchase agreement (*"APA"*), which APA is attached to the

2  Sale Motion as Exhibit 1 to the Declaration of Matthew Pakkala.

3     4.     The APA gives the Purchaser the option of, prior to closing on the sale, requiring

4  the Debtors to assume and assign certain unexpired leases and executory contracts, including

5  certain leases between the Debtors and Beckman.

6     5.     Prior to the Petition Date, Debtors purchased certain medical equipment from

7  Beckman (the *"Purchased Equipment"*) and leased certain medical equipment from Beckman

8  (the *"Leased Equipment"*) pursuant to certain equipment leases (the "Leases").

9     6.     Schedule 2.4(a)-2 of the APA, titled Potential Subsequent Designated Contracts,

10  lists unexpired leases and/or executory contracts that Debtor may later assume and assign to the

11  Purchaser, at the Purchaser's option.

12     7.     Schedule 2.4(a)-2 of the APA lists five (5) leases between the Debtor and Beckman

13  pursuant to which the Debtor is leasing five (5) pieces of equipment from Beckman.

14     8.     Beckman believes that Schedule 2.4(a)-2 of the APA contains a clerical error in

15  that the serial numbers of the listed equipment are incorrect, and the exact make and model of

16  certain pieces of equipment are listed incorrectly.

17     9.     In fact, the Leased Equipment consists of the following:

18     a.     ACL Advance Coagulation System, serial number 4020782;

19     b.     ACL Top Hemostasis System, serial number 08080965;

20     c.     FC500 (serial number AK48341) and TQ Prep (serial number 0105065903)

21          Complete Workstation (6 pieces of equipment total in one system);

22     d.     ACL Elite Coagulation System, serial number 08090580; and,

23     e.     Thirteen (13) items starting with PT Fib Kit and Ending with Cleaning Agent B

24          1X50 ML.

25     10.     Moreover, Schedule 2.4(a)-2 incorrectly lists $71,439.97 as the amount owed to

26  Beckman to cure the Debtors' default on the Leases.

27     11.     The correct amount Debtors owe to cure the defaults on the Leases is $107,834.62.

28

OBJECTION TO DEBTORS' MOTION FOR ORDER APPROVING SALE OF DEBTORS' ASSETS ETC.

12. The Declaration of Matthew Pakkala, paragraph 38, indicates that the Sale Motion requests an Order providing that the cure amounts set forth in Exhibit 2 (to the Declaration of Matthew Pakkala) are the cure amounts which the Debtors must pay lessors such as Beckman upon assumption of unexpired leases and executory contracts.

13. In other words, the Declaration seems to indicate that the order approving the Sale Motion will deem the cure amounts listed on Exhibit 2 to be true and correct and not subject to dispute at a later time.

14. Upon a cursory review of the proposed order attached to the Sale Motion, it does not appear that the proposed order deems that the cure amounts set forth in Exhibit 2 to the Declaration are the true and correct cure amounts which Debtors must pay lessors such as Beckman upon assumption of the Leases.

15. Beckman respectfully submits that, since Debtor is not yet proposing to assume and assign the Leases, a determination with respect to the cure amounts can and should be made if and when Debtors decide to assume and assign the Leases and need not be made in connection with the Sale Motion.

16. However, with the extremely expedited basis of this proceeding and out of an abundance of caution, Beckman objects to the Sale Motion insofar as it seeks an order from the Court determining the "cure amount" Debtors owe to Beckman to be anything other than $107,834.62.

17. Schedule 4.3(o) correctly lists five (5) ACL Elite Coagulation Systems (serial numbers 06090224, 06050156, 06080212, 06080187, and 06090217) and one ACL Advance System (serial number 5041156) that were purchased by the Debtor. Through the APA, Debtor intends to sell the Purchased Equipment but does not identify serial numbers of the equipment Debtor proposes to sell. Again, out of an abundance of caution, Beckman objects to the Sale Motion insofar as it seeks to sell any equipment other than the equipment, with the respective serial numbers, described in this paragraph.

///

## CONCLUSION

Therefore, for the limited reasons set forth above, Beckman objects to the Sale Motion.

DATED: June 2, 2010        HEMAR, ROUSSO & HEALD, LLP


BY: /s/ *Jennifer Witherell Crastz*
　　　JENNIFER WITHERELL CRASTZ
　　　Attorneys for Beckman Coulter, Inc.

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  15910 Ventura Blvd., 12th Floor, Encino, California  91436

A true and correct copy of the foregoing document described as **OBJECTION OF BECKMAN COULTER, INC. TO DEBTORS' MOTION FOR ORDER: (1) APPROVING SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS (EXCLUDING CASH AND ACCOUNTS RECEIVABLE) FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS; (2) APPROVING OF DEBTORS' ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS; (3) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(H) AND 6006(D); AND (4) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

-- Service information continued on attached page

**II. SERVED BY U.S. MAIL** (indicate method for each person or entity served)**:**
On **June ____, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

-- Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, OR EMAIL** (indicate method for each person or entity served):
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 2, 2010,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/2/2010 | Mary Ann Granzow | /s/ *Mary Ann Granzow* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**ADDITIONAL SERVICE INFORMATION**:  (if needed)

**VIA NOTICE OF ELECTRONIC FILING ("NEF"):**
Todd M. Arnold – tma@lnbrb.com
Ron Bender – rb@lnbrb.com
Jeffrey K Garfinkle – bkgroup@buchalter.com, jgarfinkle@buchalter.com
Nancy S. Goldberg – nancy.goldenberg@usdoj.gov
Michael J. Heyman – Michael.heyman@klgates.com
Rodger M. Landau – rlandau@lgbfirm.com, kmoss@lgbfirm.com
Michael B. Lubic – Michael.lubic@klgates.com
Jacqueline L. Rodriguez – jlr@lnbrb.com
United States Trustee (SA) – ustpregion16.sa.ecf@usdoj.gov
Sharon Z. Weiss – Sharon.weiss@hro.com

**VIA PERSONAL DELIVERY on JUNE 3, 2010:**
Honorable Theodor C. Albert
United States Bankruptcy Court
411 West Fourth Street, Courtroom 5B
Santa Ana, California 92701

**SERVED BY E-MAIL:**
Debtor's Attorney - Todd M. Arnold – tma@lnbrb.com
Debtor's Attorney - Ron Bender – rb@lnbrb.com
Committee/Counsel for Committee  - Jeffrey K Garfinkle – bkgroup@buchalter.com, jgarfinkle@buchalter.com
Nancy S. Goldberg – nancy.goldenberg@usdoj.gov
Michael J. Heyman – Michael.heyman@klgates.com
Rodger M. Landau – rlandau@lgbfirm.com, kmoss@lgbfirm.com
Michael B. Lubic – Michael.lubic@klgates.com
Jacqueline L. Rodriguez – jlr@lnbrb.com
United States Trustee (SA) – ustpregion16.sa.ecf@usdoj.gov
Committee/Counsel for Committee - Sharon Z. Weiss – Sharon.weiss@hro.com

Purchaser – Michael.lubic@klgates.com; Lee.Hogewood@klgates.com; john.erwin@klgates.com; grayson.hale@klgates.com, Margaret.Westbrook@klgates.com, Michael.heyman@klgates.com

Debtors – lane@mtspartners.com, Matthew.pakkala@fticonsulting.com, bewingwhalen@yahoo.com, l.contreras@westcliflabs.com

Office of the U.S. Trustee – Frank.Cardigan@usdoj.gov, nancy.goldenberg@usdoj.gov, Terry.Biers@usdoj.gov

Debtor's Corporate Counsel – Michael.dolan@kirkland.com, carl.pickerill@kirkland.com, Terry.Biers@usdoj.gov

Debtor's Special Healthcare Counsel – dgee@gsblaw.com

Counsel to GE Business Financial Services, Inc. – rrogers@winston.com, jrawlins@winston.com

Counsel for MTS – brian.greer@dechert.com

OBJECTION TO DEBTORS' MOTION FOR ORDER APPROVING SALE OF DEBTORS' ASSETS ETC.