Aram Ordubegian (SBN 185142)
Andy S. Kong (SBN 243933)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone 213-629-7400; Facsimile 213-629-7401
Email: ordubegian.aram@arentfox.com

-and-

David M. Powlen (*pro hac vice pending*)
**BARNES & THORNBURG LLP**
1000 N. West Street, Suite 1200
Wilmington, DL 19801-1058
Telephone 302-888-4536; Facsimile 302-295-4801
Email: david.powlen@btlaw.com

-and-

Timothy S. McFadden (*pro hac vice pending*)
**BARNES & THORNBURG LLP**
1 North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone 312-357-1313; Facsimile 312-759-5646
Email: tmcfadden@btlaw.com

Attorneys for Creditor Roche Diagnostics Corporation

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**WESTCLIFF MEDICAL LABORATORIES, INC.,**<br><br>　　　　　　Debtor.<br><br>**BIOLABS, INC.,**<br><br>　　　　　　Debtor. | Lead Case No. 8:10-bk-16743-TA<br>Jointly Administered with Case<br>No. 8:10-bk-16746-TA<br>Chapter 11 Cases<br><br>**SECOND LIMITED OBJECTION OF ROCHE DIAGNOSTICS CORPORATION TO DEBTORS' SECOND MOTION FOR AN ORDER (1) APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS (EXCLUDING CASH AND ACCOUNTS RECEIVABLE) FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS; (2) APPROVING DEBTORS' ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND DETERMINING CURE AMOUNTS; (3) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN RULES 6004(h) AND 6006(d) AND (4) GRANTING RELATED RELIEF** |

LA/288863.1

[x] Affects both Debtors.

**Hearing**

Date: June 18, 2010
Time: 2:00 p.m.
Place: Courtroom 5B
411 West Fourth Street
Santa Ana, CA 92701

Roche Diagnostics Corporation ("RDC"), by counsel, hereby submits its Second Limited Objection to the Debtors' Second Motion for an Order (1) Approving Sale of Substantially All of the Debtors' Assets (Excluding Cash and Accounts Receivable) Free and Clear of All Liens, Claims and Interests, (2) Approving Debtors' Assumption and Assignment of Unexpired Leases and Executory Contracts and Determining Cure Amounts, (3) Waiving the 14-Day Stay Periods Set Forth in Rules 6004(h) and 6006(d), and (4) Granting Related Relief filed on June 14, 2010 [docket no. 118] (the "Second Sale Motion") (all capitalized terms used but not defined herein shall have the meanings ascribed to them in the Second Sale Motion), and states as follows:

1. On May 19, 2010 (the "Petition Date"), the above-referenced debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court").

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Jurisdiction is based upon 28 U.S.C. § 1334, and this is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4. This Second Limited Objection is being filed in accordance with and in response to a Notice dated June 14, 2010 [docket no. 119], pursuant to which "any opposition to the Second Sale Motion ... must be filed with the Court ... by June 17, 2010, at 5:00 p.m."

5. Among other relief, the Second Sale Motion requests that the Bankruptcy Court "find that the cure amounts which must be paid in connection with the Debtors' assumption and assignment of any of their unexpired leases and executory contracts are as set forth in Exhibit '1'

///

LA/288863.1                    2

1 | to the Pakkala Declaration and that adequate assurance of future performance, to the extent
2 | necessary, has been demonstrated by the Winning Bidder."[1]

3 |     6.    RDC is a party to numerous agreements constituting leases or executory contracts
4 | with the Debtors[2] (collectively, the "Agreements"), including for the leasing of equipment (with
5 | RDC as owner/lessor and the Debtors as lessee), the servicing of equipment (with RDC as
6 | service provider and the Debtors as recipients of such services), and the sale and delivery of
7 | various products (with RDC as supplier and the Debtors as purchaser).

8 |     7.    As is evidenced by a summary of invoices and charges that is attached hereto as
9 | Exhibit A (the "Summary"), RDC is informed and believes that as of the Petition Date the
10 | Debtors were indebted to RDC under or in relation to the Agreements in the total sum of not less
11 | than $906,471.53, which sum remains unpaid as of the time of the filing of this Second Limited
12 | Objection.[3]

13 |     8.    The total sum required for the Debtors to cure all amounts due and owing under all
14 | of the Agreements (such amount is hereinafter referred to as the "Cure Amount") is at least
15 | $906,471.53, rather than the sum of $709,272.22 reflected in "Exhibit 1" to the Declaration of
16 | Matthew Pakkala that accompanies the Second Sale Motion.[4]

17 | ///
18 | ///

---

[1] Clause 4 on page 12 of the Second Sale Motion. References herein to the "Purchaser" are intended wherever appropriate to include the Winning Bidder that could become the purchaser of the Purchased Assets as contemplated by the Second Sale Motion.

[2] RDC believes that all or substantially all of its agreements are specifically with the debtor Westcliff Medical Laboratories Inc. References herein to the Debtors are intended to mean the respective contractual interests and obligations of the Debtors as such appear in relation to RDC.

[3] Certain equipment that has been leased by RDC to the Debtors was damaged prior to the Petition Date due to a flood. Although dated after the Petition Date, the items on lines 76 through 92 contained in the Summary (Exhibit A) relate to this damage. To date, the full extent of the damage, and the cost to repair or replace the equipment, have not yet been fully ascertained or determined. Therefore, RDC respectfully reserves the right to assert additional claims related to such damage (the "Flood Damage Claims").

[4] Exhibit 1 to the Pakkala Declaration lists various Agreements to which RDC is a party, and appears to contain the same Schedule 2.4(a)-2, entitled "Potential Subsequent Designated Contract[s]," that accompanied the LabCorp APA. This same schedule with the same proposed cure amount of $709,272.22 was the subject of a Limited Objection filed by RDC on June 2, 1010 [docket no. 89], in relation to the Debtors' first motion to sell the Purchased Assets that resulted in the LabCorp Sale Order of June 9, 2010 (which Order contained provisions that reserved RDC's rights with respect to a determination of the proper Cure Amount in connection with any later proposed assumption and assignment of any of the Agreements).

LA/288863.1        3

9. Also, certain Flood Damage Claims of RDC (as defined and described in footnote 3 hereof) currently remain unknown and/or unliquidated, which when fully identified and determined may add to the Cure Amount.

10. Further, the Cure Amount may increase depending upon whether and to what extent (a) the actual amounts for usage of products and/or servicing of equipment prior to or as of the Petition Date have not yet been ascertained or determined, (b) any payment amounts due under any of the Agreements may be pro-rated for periods extending before and after the Petition Date, (c) any payments due under or in relation to the Agreements from and after the Petition Date may not be made by the Debtors and/or the Purchaser, and (d) any damages are sustained or other extraordinary liabilities may arise (in addition to regular payments) under or in relation to any of the Agreements from and after the Petition Date.

11. If there is any period of time from and after the Closing and prior to assumption and assignment of the Agreements during which the Purchaser may be using the equipment that is the subject of and otherwise benefiting from the Agreements as successor to the business of the Debtors, then during such period the Purchaser as well as the Debtors should be liable and responsible for timely payment of all amounts and other obligations under or in relation to the Agreements.

13. If as a result of the Second Sale Motion any party may be proposed to be the Purchaser other than Laboratory Corporation of America (or its wholly owned subsidiary), RDC respectfully reserves the right to review, consider and object to whether such party has provided or can provide adequate assurance of future performance under the Agreements as of the effective date of any assumption and assignment of the Agreements.

14. For the reasons set forth above, RDC objects to the cure amount for its Agreements that have been included in Exhibit 1 to the Pakkala Declaration that accompanies the Second Sale Motion.

15. RDC respectfully reserves any and all rights, claims, interests and defenses in relation to any assumption and assignment of any of the Agreements (including, without limitation, cure amount or other payments or performance that may be required at the time of or

LA/288863.1                              4

1  in connection with such assumption and assignment), including the right to submit evidence with
2  respect to the proper cure amount for the Agreements.

3  16.   RDC respectfully requests that it be accorded further notice, opportunity to object,
4  and a right to a hearing if and when any of the Agreements are specifically proposed to be
5  assumed by the Debtors and assigned to a Purchaser, and that such hearing be held before there
6  may actually be an assumption and assignment of any of the Agreements.

7  17.   Following are the addresses which RDC requests that the Debtors and any
8  Purchaser send any response to this Second Limited Objection, any other notices, pleadings or
9  orders pertaining to any of RDC's Agreements with the Debtors or RDC's claims thereunder,
10 and any other notices or communications contemplated by the Second Sale Motion or otherwise
11 related to the possible assumption, assignment or rejection of any of the Agreements:

    a.   Judy L Wagner
         Wayne Mathias
         Roche Diagnostics Corporation
         9115 Hague Road -Building H
         Indianapolis, IN 46250
         Email: judy.wagner@roche.com

    b.   Aram Ordubegian
         ARENT FOX LLP
         555 West Fifth Street, 48th Floor
         Los Angeles, CA 90013
         Email: ordubegian.aram@arentfox.com

    c.   David M. Powlen
         BARNES & THORNBURG LLP
         1000 N. West Street, Suite 1200
         Wilmington, DL 19801-1058
         Email: david.powlen@btlaw.com

    d.   Timothy S. McFadden
         BARNES & THORNBURG LLP
         1 North Wacker Drive, Suite 4400
         Chicago, IL 60606
         Email: tmcfadden@btlaw.com

**WHEREFORE**, Roche Diagnostics Corporation respectfully requests that (I) its objection to the cure amount proposed by the Debtors with respect to the Agreements be sustained, (II) any sale order addressing the possible assumption and assignment of the

LA/288863.1                                  5

Main Document    Page 6 of 12

Agreements accommodate the considerations and points of this Second Limited Objection, and (III) RDC be granted such other and further relief as may be just and proper.

Dated: June 16, 2010                    Respectfully submitted,

**ROCHE DIAGNOSTICS CORPORATION**

*/s/ Aram Ordubegian*
Aram Ordubegian
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone 213-629-7410
Facsimile 213-629-7401
Email: ordubegian.aram@arentfox.com

-and-

David M. Powlen (*pro hac vice pending*)
BARNES & THORNBURG LLP
1000 N. West Street, Suite 1200
Wilmington, DL 19801-1058
Telephone 302-888-4536
Facsimile 302-295-4801
Email: david.powlen@btlaw.com

-and-

Timothy S. McFadden (*pro hac vice pending*)
BARNES & THORNBURG LLP
1 North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone 312-357-1313
Facsimile 312-759-5646
Email: tmcfadden@btlaw.com

# EXHIBIT "A"

**Exhibit A**

| Customer | 55113524 | | | Pre-Petition Account Balance | | |
|---|---|---|---|---|---|---|
| Name | WESTCLIFF MED LABS | | | | | |
| Name 2 | ACCOUNTS PAYABLE DEPT | | | | | |
| City | SANTA ANA  CA | | | 92705 | Filing Date: May 19, 2010 | |

| Invoice No. | Invoice Date | Inv. Due Date | Amount | Purchase Order Number | |
|---|---|---|---:|---|---|
| 901166166 | 3/2/2010 | 4/1/2010 | $ 335.51 | | 140293 |
| 901173275 | 3/5/2010 | 4/4/2010 | $ 10,754.62 | S50016 | |
| 901173272 | 3/5/2010 | 4/4/2010 | $ 16,980.76 | S50016 | |
| 901176305 | 3/8/2010 | 4/7/2010 | $ 1,060.00 | | 140356 |
| 901176304 | 3/8/2010 | 4/7/2010 | $ 1,430.07 | | 140318 |
| 901179919 | 3/9/2010 | 4/8/2010 | $ 2,370.75 | | 140382 |
| 901179918 | 3/9/2010 | 4/8/2010 | $ 3,892.73 | | 140357 |
| 901182560 | 3/10/2010 | 4/9/2010 | $ 1,937.93 | | 140394 |
| 901185657 | 3/11/2010 | 4/10/2010 | $ 12,292.36 | CLARK CHOW | |
| 901184661 | 3/11/2010 | 4/10/2010 | $ 50,348.26 | | 140394 |
| 901187912 | 3/12/2010 | 4/11/2010 | $ 412.71 | | 140425 |
| 901187910 | 3/12/2010 | 4/11/2010 | $ 318.99 | | 140410 |
| 901195710 | 3/16/2010 | 4/15/2010 | $ 6,032.69 | | 140451 |
| 901195708 | 3/16/2010 | 4/15/2010 | $ 3,942.20 | | 140410 |
| 901197905 | 3/17/2010 | 4/16/2010 | $ 2,495.38 | PCR AGREEMENT | |
| 901197879 | 3/17/2010 | 4/16/2010 | $ 27,712.34 | | 140451 |
| 901197877 | 3/17/2010 | 4/16/2010 | $ 19,248.75 | | 140274 |
| 901197876 | 3/17/2010 | 4/16/2010 | $ 16,568.34 | | 140460 |
| 901197875 | 3/17/2010 | 4/16/2010 | $ 669.47 | | 140449 |
| 901196525 | 3/17/2010 | 4/16/2010 | $ 2,200.02 | LINH TRAN TO PROVI | |
| 901201016 | 3/18/2010 | 4/17/2010 | $ 2,953.47 | | 140460 |
| 901202656 | 3/19/2010 | 4/18/2010 | $ 354.81 | | 140475 |
| 901202657 | 3/19/2010 | 4/18/2010 | $ 893.60 | | 140488 |
| 901205641 | 3/22/2010 | 4/21/2010 | $ 16,009.86 | | 140475 |
| 901205640 | 3/22/2010 | 4/21/2010 | $ 544.84 | | 140460 |
| 901205639 | 3/22/2010 | 4/21/2010 | $ 3,582.61 | | 140471 |
| 901205199 | 3/22/2010 | 4/21/2010 | $ 1,992.95 | MASTER AGREEMENT | |
| 901211214 | 3/24/2010 | 4/23/2010 | $ 2,737.46 | | 140529 |
| 901218498 | 3/29/2010 | 4/28/2010 | $ 4,332.59 | | 140529 |
| 901221545 | 3/30/2010 | 4/29/2010 | $ 267.36 | | 140570 |
| 901221544 | 3/30/2010 | 4/29/2010 | $ 12,155.69 | | 140554 |
| 901221542 | 3/30/2010 | 4/29/2010 | $ 335.51 | | 140524 |
| 901221141 | 3/30/2010 | 4/29/2010 | $ 1,452.69 | PCR AGREEMENT | |
| 901219953 | 3/30/2010 | 4/29/2010 | $ 366.67 | LINH TRAN TO PROVI | |
| 901224564 | 3/31/2010 | 4/30/2010 | $ 557.89 | | 140541 |
| 901224563 | 3/31/2010 | 4/30/2010 | $ 86,339.58 | | 140554 |
| 901227689 | 4/1/2010 | 5/1/2010 | $ 176.00 | | 140589 |
| 901226887 | 4/1/2010 | 5/1/2010 | $ 83,191.18 | S50016 | |
| 901226003 | 4/1/2010 | 5/1/2010 | $ 2,343.75 | | 120502 |
| 901232566 | 4/5/2010 | 5/5/2010 | $ 669.47 | | 140615 |
| 901232565 | 4/5/2010 | 5/5/2010 | $ 1,731.30 | | 140568 |
| 901238241 | 4/7/2010 | 5/7/2010 | $ 465.73 | | 140649 |
| 901237436 | 4/7/2010 | 5/7/2010 | $ 32,512.80 | S50016 | |
| 901237433 | 4/7/2010 | 5/7/2010 | $ 8,023.69 | S50016 | |
| 901241022 | 4/8/2010 | 5/8/2010 | $ 4,448.82 | | 140649 |
| 901246498 | 4/11/2010 | 5/11/2010 | $ 12,292.36 | CLARK CHOW | |
| 901247957 | 4/12/2010 | 5/12/2010 | $ 2,542.04 | | 140659 |
| 901256424 | 4/15/2010 | 5/15/2010 | $ 16,189.50 | | 140705 |
| 901256423 | 4/15/2010 | 5/15/2010 | $ 1,787.86 | | 140704 |
| 901259082 | 4/17/2010 | 5/17/2010 | $ 2,495.38 | PCR AGREEMENT | |
| 901268677 | 4/22/2010 | 5/22/2010 | $ 21,554.96 | | 140739 |
| 901268676 | 4/22/2010 | 5/22/2010 | $ 537.01 | | 140762 |
| 901267907 | 4/22/2010 | 5/22/2010 | $ 1,992.95 | MASTER AGREEMENT | |
| 901276351 | 4/27/2010 | 5/27/2010 | $ 1,879.20 | | 140750 |
| 901279400 | 4/28/2010 | 5/28/2010 | $ 1,088.86 | | 140798 |

7

**Exhibit A**

| | | | | | |
|---|---|---|---|---|---|
| Customer | 55113524 | | **Pre-Petition Account Balance** | | |
| Name | WESTCLIFF MED LABS | | | | |
| Name 2 | ACCOUNTS PAYABLE DEPT | | | | |
| City | SANTA ANA   CA | | 92705 | Filing Date: May 19, 2010 | |

| Invoice No. | Invoice Date | Invoice Due Date | Amount | Purchase Order Number | |
|---|---|---|---|---|---|
| 901279398 | 4/28/2010 | 5/28/2010 | $ 960.01 | | 140800 |
| 901282066 | 4/29/2010 | 5/29/2010 | $ 267.36 | | 140798 |
| 901282065 | 4/29/2010 | 5/29/2010 | $ 11,093.77 | | 140800 |
| 901281249 | 4/29/2010 | 5/29/2010 | $ 1,452.69 | PCR AGREEMENT | |
| 901280227 | 4/29/2010 | 5/29/2010 | $ 366.67 | LINH TRAN TO PROVI | |
| 901284806 | 5/1/2010 | 5/31/2010 | $ 83,191.18 | S50016 | |
| 901286907 | 5/3/2010 | 6/2/2010 | $ 1,907.45 | | 140795 |
| 901286905 | 5/3/2010 | 6/2/2010 | $ 119,491.62 | | 140800 |
| 901289710 | 5/4/2010 | 6/3/2010 | $ 4,478.27 | | 140838 |
| 901292257 | 5/5/2010 | 6/4/2010 | $ 2,655.71 | | 140856 |
| 901295059 | 5/6/2010 | 6/5/2010 | $ 2,164.13 | | 140879 |
| 901302877 | 5/10/2010 | 6/9/2010 | $ 412.71 | | 140911 |
| 901305335 | 5/11/2010 | 6/10/2010 | $ 12,292.36 | CLARK CHOW | |
| 901314923 | 5/17/2010 | 6/16/2010 | $ 1,992.95 | PCR AGREEMENT | |
| 901328371 | 5/24/2010 | 6/23/2010 | $ 1,650.00 | Flood09 | |
| 901328369 | 5/24/2010 | 6/23/2010 | $ 2,062.50 | Flood07 | |
| 901328368 | 5/24/2010 | 6/23/2010 | $ 2,722.50 | Flood05 | |
| 901328367 | 5/24/2010 | 6/23/2010 | $ 990.00 | Flood04 | |
| 901328366 | 5/24/2010 | 6/23/2010 | $ 4,434.91 | Flood03 | |
| 901328365 | 5/24/2010 | 6/23/2010 | $ 11,137.50 | Flood02 | |
| 901328363 | 5/24/2010 | 6/23/2010 | $ 1,650.00 | Flood11 | |
| 901328362 | 5/24/2010 | 6/23/2010 | $ 4,125.00 | Flood14 | |
| 901328361 | 5/24/2010 | 6/23/2010 | $ 4,950.00 | Flood13 | |
| 901328359 | 5/24/2010 | 6/23/2010 | $ 1,072.50 | Flood12 | |
| 901333379 | 5/26/2010 | 6/25/2010 | $ 8,051.55 | Flood15 | |
| 901333378 | 5/26/2010 | 6/25/2010 | $ 7,499.20 | Flood10 | |
| 901333377 | 5/26/2010 | 6/25/2010 | $ 1,762.56 | Flood08 | |
| 901333375 | 5/26/2010 | 6/25/2010 | $ 10,372.19 | Flood06 | |
| 901333372 | 5/26/2010 | 6/25/2010 | $ 36,399.13 | Flood01 | |
| 901325925 | 5/21/2010 | 6/21/2010 | $ 17,736.91 | Flood16 | |
| 901325927 | 5/21/2010 | 6/21/2010 | $ 1,980.00 | Flood17 | |
| 901338657 | 5/28/2010 | 6/28/2010 | $ 20,660.14 | S50016-CPT excess for period 04/01-05/01/10 - Hitachi reagents | |
| 901338655 | 5/28/2010 | 6/28/2010 | $ 12,683.74 | S50016-CPT Monthly excess for 04/01-04/30/10 - Integra reagents | |
| **Balance Due Roche Diagnostics Corp** | | | **$ 906,471.53** | | |

8

| In re: WESTCLIFF MEDICAL LABORATORIES, INC. and BIOLABS, INC., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:10-bk-16743-TA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document described SECOND LIMITED OBJECTION OF ROCHE DIAGNOSTICS CORPORATION TO DEBTORS' SECOND MOTION FOR AN ORDER (1) APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS (EXCLUDING CASH AND ACCOUNTS RECEIVABLE) FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS; (2) APPROVING DEBTORS' ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND DETERMINING CURE AMOUNTS; (3) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN RULES 6004(h) AND 6006(d) AND (4) GRANTING RELATED RELIEF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 16, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On June 16, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL**
Honorable Theodor C. Albert
U.S. Bankruptcy Court
411 W. Forth Street, Bin outside of Room 5097
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 16, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 16, 2010 | SIMONA FILIP | /s/ Simona Filip |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                      **F 9013-3.1**

| In re: WESTCLIFF MEDICAL LABORATORIES, INC. and BIOLABS, INC., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:10-bk-16743-TA |

## ADDITIONAL SERVICE INFORMATION:

### I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

Todd M Arnold on behalf of Debtor BioLabs, Inc.
tma@lnbrb.com

Richard L Barnett on behalf of Creditor Mission Hospital Regional Medical Center dba Mission Hospital
rick@barnettrubin.com, rlbsec@barnettrubin.com

Ron Bender on behalf of Debtor BioLabs, Inc.
rb@lnbrb.com

Jennifer Witherell Crastz on behalf of Creditor Beckman Coulter, Inc.
jcrastz@hemar-rousso.com

Carol J Fogleman on behalf of Creditor City of Wildomar
mfrost@bwslaw.com

John-patrick M Fritz on behalf of Debtor Westcliff Medical Laboratories, Inc.
jpf@lnbrb.com

Jeffrey K Garfinkle on behalf of Creditor Committee Creditors Committee
bkgroup@buchalter.com, jgarfinkle@buchalter.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Michael J Heyman on behalf of Interested Party Laboratory Corporation of America
michael.heyman@klgates.com

Mark D Houle on behalf of Creditor Health Net, Inc.
mark.houle@pillsburylaw.com

Rodger M Landau on behalf of Interested Party Courtesy NEF
rlandau@lgbfirm.com, kmoss@lgbfirm.com

Michael B Lubic on behalf of Interested Party Laboratory Corporation of America
michael.lubic@klgates.com

Justin E Rawlins on behalf of Interested Party Courtesy NEF
jrawlins@winston.com, docketla@winston.com

Jacqueline L Rodriguez on behalf of Debtor BioLabs, Inc.
jlr@lnbrb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                     F 9013-3.1

| In re: WESTCLIFF MEDICAL LABORATORIES, INC. and BIOLABS, INC., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:10-bk-16743-TA |

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Sharon Z Weiss on behalf of Interested Party Specialty Laboratories, Inc.
sharon.weiss@hro.com

## II.    SERVED BY OVERNIGHT MAIL:

**Attorney for U.S. Trustee**
Nancy S Goldenberg
411 W Fourth St Ste 9041
Santa Ana, CA 92701-8000

**Attorney for Creditor Committee**
Jeffrey K Garfinkle
Buchalter Nemer
18400 Von Karman Ave Ste 800
Irvine, CA 92612

## III.    SERVED BY EMAIL:

**Attorneys for Debtors**

| Ron Bender | Jacqueline Rodriguez | Todd Arnold | John-Patrick Fritz |
| rb@lnbrb.com | jlr@lnbrb.com | tma@lnbrb.com | jpf@lnbrb.com |

**Attorney for Creditor Committee**
Jeffrey K Garfinkle
jgarfinkle@buchalter.com

**Attorney for U.S. Trustee**
Nancy S Goldenberg
nancy.goldenberg@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                           F 9013-3.1