RON BENDER (SBN 143364)
JACQUELINE L. RODRIGUEZ (SBN 198838)
TODD M. ARNOLD (SBN 221868)
JOHN-PATRICK M. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: rb@lnbrb.com; jlr@lnbrb.com; tma@lnbrb.com;
jpf@lnbrb.com

Attorneys for Chapter 11 Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>WESTCLIFF MEDICAL LABORATORIES, INC.,<br><br>       Debtor.<br>_____<br><br>BIOLABS, INC.,<br><br>       Debtor.<br>_____<br><br>☒ Affects Both Debtors<br><br>☐ Affects WESTCLIFF MEDICAL<br>   LABORATORIES, INC. only<br><br>☐ Affects BIOLABS, INC. only<br>_____ | Case No. 8:10-bk-16743-TA<br>Lead Case, Jointly Administered<br>with Case No. 8:10-bk-16746-TA<br><br>Chapter 11 Cases<br><br>**STIPULATION ALLOCATING DISTRIBUTION OF SALE PROCEEDS AND OTHER ASSETS OF THE ESTATES; ALLOWING CLAIM OF GE BUSINESS FINANCIAL SERVICES, INC.; PROVIDING FOR TREATMENT OF SUCH CLAIM UNDER A CHAPTER 11 PLAN; AND GRANTING RELEASES OF LIABILITY**<br><br>Court Scheduled Hearing:<br>Date:  June 3, 2010<br>Time:  2:30p.m.<br>Place: Courtroom "5B"<br>      411 West Fourth Street<br>      Santa Ana, CA 92701-4593 |

1

This Stipulation Allocating Distribution of Sale Proceeds and Other Assets of the Estates; Allowing Claim of GE Business Financial Services, Inc.; Providing for Treatment of such Claim under a Chapter 11 Plan; and Granting Releases of Liability ("Stipulation") is hereby made by and among the following: (i) Westcliff Medical Laboratories, Inc. and Biolabs, Inc. (collectively, the "Debtors"); (ii) the Official Committee of Unsecured Creditors appointed in the chapter 11 cases of the Debtors (the "Committee"); and (iii) GE Business Financial Services, Inc. (formerly known as Merrill Lynch Capital, a division of Merrill Lynch Business Financial Services Inc.), as administrative agent ("Agent") for the lenders from time to time and party to (collectively with Agent, the "Lenders") that certain Credit Agreement dated as of June 30, 2006 (as amended, restated, or otherwise modified, including all annexes, exhibits and schedules thereto and the loan documents delivered pursuant thereto, the "Credit Agreement") among the Debtors, Agent, and the Lenders.

RECITALS

A. On May 19, 2010 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the

2

"Bankruptcy Court"). The Debtors' bankruptcy cases (the "Bankruptcy Cases") are jointly administered under case numbers 8:10-bk-16743-TA and 8:10-bk-16746-TA. The Debtors have continued to operate their businesses and manage their affairs as debtors in possession since the Petition Date.

B.    On the Petition Date, the Debtors were indebted to Agent and the Lenders for loans made by Agent and the Lenders pursuant to the Credit Agreement (all such indebtedness and other obligations owed by the Debtors to Agent and the Lenders pursuant to the Credit Agreement, including principal, interest (including interest calculated at the default rate), fees, costs, charges, and expenses) being hereafter referred to as the "Lender Debt" and the claim of Agent and Lenders for the Lender Debt being the "Agent's Claim"). On the Petition Date, Agent held a security interest for the benefit of itself and the Lenders encumbering substantially all property of the Debtors that Agent asserted to be perfected and of first priority (the property of Debtors on which Agent held a security interest for the benefit of itself and the Lenders being the "Prepetition Collateral").

C.    On May 20, 2010, the Debtors sought authority to use Prepetition Collateral constituting "Cash Collateral" (as defined in the Bankruptcy Code) under the Debtors' Motion for Interim Order (A) Authorizing Use of Cash Collateral, and (B) Granting GE Business Financial Services, Inc. Adequate Protection (the "Cash

3

Collateral Motion"). Pursuant to that certain Interim Order (A) Authorizing Use of Cash Collateral, and (B) Granting GE Business Financial Services, Inc. Adequate Protection (as the same be modified, extended, or supplemented, the "Cash Collateral Order") entered on May 27, 2010, the Debtors were granted authority to use Agent's Cash Collateral subject to various restrictions. Pursuant to the Cash Collateral Order, Agent was granted a replacement lien on certain postpetition property of the Debtors (the Prepetition Collateral, together with any postpetition property on which Agent was granted a lien under the Cash Collateral Order, being the "Collateral"). At a hearing held on June 3, 2010, the Cash Collateral Order was extended by the Court to June 23, 2010.

D.    On or about the same date that the Debtors filed the Cash Collateral Motion, the Debtors filed an emergency motion (the "Sale Motion") to sell substantially all of their assets (other than cash and accounts receivable) under Section 363 of the Bankruptcy Code (the "Asset Sale") to a stalking horse bidder or the party submitting the ultimate highest and best bid (the "Purchaser") pursuant to a purchase contract (the "APA").

E.    On May 24, 2010, the Committee was appointed to represent the interests of unsecured creditors in the Bankruptcy Cases. The Committee has reviewed the Sale Motion and has conducted a preliminary review of the Credit Agreement and the validity, extent

4

and priority of Agent's liens and security interests in the Collateral.

F. The Sale Motion came on for hearing before the Bankruptcy Court on June 3, 2010. At the hearing on the Sale Motion, the Debtors, Agent, and the Committee informed the Bankruptcy Court that they had reached an agreement regarding the objection to the Sale Motion filed by the Committee, and they orally summarized that agreement on the record of the Bankruptcy Court. This Stipulation memorializes that agreement in detail.

G. Upon consummation of the Asset Sale (the "Asset Sale Closing"), the Debtors will receive Asset Sale proceeds ("Asset Sale Proceeds") that will constitute Cash Collateral of Agent.

H. The Debtors and Committee have determined that this Stipulation is in the best interests of the Debtors' estates (the "Estates") and of unsecured creditors based upon the Committee's review, the facts and circumstances of these Bankruptcy Cases, and Agent's agreement to release its lien and security interest on or against a portion of the Asset Sale Proceeds and certain other Collateral on the terms and conditions set forth herein.

BASED UPON THE FOREGOING, IT IS HEREBY STIPULATED, CONSENTED AND AGREED BY AND BETWEEN THE PARTIES HERETO, AS FOLLOWS:

## AGREEMENT

1. Distribution of Asset Sale Proceeds. The Asset Sale Proceeds shall be indefeasibly distributed as follows:

5

a.     Concurrently with the Asset Sale Closing or as soon thereafter as possible, the Debtors shall pay (or set aside for payment) those items required to paid by the Debtors in connection with the Asset Sale pursuant to the APA (e.g., payment of certain cure amounts and certain amounts in connection with settlement of a qui tam lawsuit).

b.     Concurrently with the Asset Sale Closing or as soon thereafter as possible, the Debtors shall set aside $1,350,000 into a segregated account to be paid to the Debtors' investment bankers, MTS Health Partners L.P. ("MTS"), upon approval by the Bankruptcy Court of compensation to the investment bankers (the "Investment Banker Set Aside").

c.     Concurrently with the Asset Sale Closing or as soon thereafter as possible, $2,000,000 shall be disbursed into the segregated Payroll Account (as defined in the Sale Motion) as required by the Transition Agreement (as defined in the Sale Motion)(such funds being the "Holdback").

d.     Concurrently with the Asset Sale Closing or as soon thereafter as possible, $45,000,000 (the "Agent Closing Date Distribution") shall be disbursed to Agent on account of Agent's Claim.

e.     The balance of the Sale Proceeds (the "Debtor Closing Date Distribution") shall be retained by the Debtors free

1 and clear of the liens and security interests of the Agent and the

2 Lenders.

3     2.   Distribution of Holdback.   At such time as the Debtors

4 are entitled under the Transition Agreement to a release of the

5

6 Holdback from the segregated Payroll Account, the Holdback shall be

7 disbursed to Agent on account of Agent's Claim.

8     3.   Collection of Accounts.   All accounts, accounts

9 receivable, general intangibles, and other rights to payment held

10 by the Debtors on the Asset Sale Closing, whether arising before or

11 after the Petition Date (collectively, the "Accounts") shall be

12 collected by the Debtors in the ordinary course.   On or before the

13 fifth business day of each month (or on a more frequent basis at

14

15 the Debtors' discretion), the proceeds of Accounts that are

16 received during the preceding month will be disbursed as follows:

17 25% of such proceeds shall be disbursed to Agent on account of

18 Agent's Claim and 75% of such proceeds shall be retained by the

19 Debtors.   This 25%/75% split shall be computed on the net amount of

20 such proceeds if litigation or other third party fees and expenses

21 are required to be incurred by the Debtors in connection with such

22 collection efforts.

23

24     4.   Proceeds of Litigation Other Than Avoidance Actions.   If

25 the Debtors receive proceeds from any litigation, other than

26 litigation constituting avoidance actions under the Bankruptcy Code

27 and litigation to collect any Accounts ("General Litigation"), 50%

28                                  7

of such proceeds shall be disbursed to Agent on account of Agent's Claim and 50% of such proceeds shall be retained by the Debtors. This 50%/50% split shall be computed on the net amount of such proceeds if litigation fees and expenses are required to be incurred by the Debtors in connection with such General Litigation. For the avoidance of doubt, it is understood and agreed that (a) Agent has a lien and security interest in all General Litigation, and (b) Agent does not have a lien or security interest in any avoidance actions under the Bankruptcy Code.

5.    Release of Agent's Lien.  Upon Agent's receipt of the Agent Closing Date Distribution, Agent's lien and security interest shall be deemed released against (a) the Debtor Closing Date Distribution, and (b) all amounts on deposit in the Debtors' operating accounts on the Asset Sale Closing.  Upon the Debtors' disbursement to Agent of 25% of the proceeds of any Accounts, Agent's lien and security interest against the remaining 75% of such proceeds shall be deemed released.  On the Debtors' disbursement to Agent of 50% of the proceeds of any General Litigation, Agent's lien and security interest against the remaining 50% of such proceeds shall be deemed released.

6.    Use of Unencumbered Funds.  The funds on which Agent's lien and security interest have been released, as set forth in the previous paragraph, shall constitute unencumbered funds of the Debtors' Estates (the "Unencumbered Funds") and shall no longer

8

constitute Collateral.  The Unencumbered Funds shall be used by the Debtors to pay administrative expenses and other allowed claims in accordance with the terms and priorities of the Bankruptcy Code. All administrative expenses of the Debtors' Estates shall be paid from the Unencumbered Funds and no portion of any of the Collateral shall be used for payment of administrative expenses or for payment of any creditors other than Agent.

7.    Allowance of Agent's Claim.

a.    Allowance of Claims.  Agent's Claim shall be allowed on a final basis, as a secured and unsecured claim under Section 502 and 506 of the Bankruptcy Code, without need for Agent or the Lenders to file a proof of claim in the Bankruptcy Cases. The amount of Agent's Claim shall be as set forth in this paragraph.

b.    Calculation of the Amount of Agent's Claim.  The amount of Agent's Claim shall be the amount of the Lender Debt as of the Asset Sale Closing.  For the avoidance of doubt, it is understood and agreed that Agent's Claim shall include interest (at the default rate set forth in the Credit Agreement) and reasonable fees, costs and charges to the extent provided by the Credit Agreement.  Within thirty days after the Asset Sale Closing, Agent shall provide the Debtors and the Committee with a written calculation of the amount of Agent's Claim as of the Asset Sale Closing and include in such calculation reasonable back up information.  Such calculation shall be determinative unless

9

1  disputed by the Debtors or the Committee within 20 days of receipt

2  of the written calculation.  If the Debtors or the Committee

3  dispute Agent's calculation, the parties shall meet and confer in

4  good faith to try to resolve any disagreement.  If any disagreement

5  cannot be resolved, any party may seek an order of the Court

6  resolving the dispute.  The only items that may be disputed with

7  regard to Agent's Claim are (a) whether Agent has correctly

8  calculated the amount thereof, (b) whether a particular fee, cost,

9  or charge is the Debtors' responsibility under the Credit

10  Agreement, and (c) whether the amount of any fees, costs or charges

11  are reasonable.

12  

13              c.    Payment of Agent's Claim.  Agent shall apply any

14  proceeds of Collateral it receives to Agent's Claim.  The remaining

15  balance of Agent's Claim on the Effective Date of any Chapter 11

16  Plan ("Agent's Deficiency Claim") shall, with the consent of the

17  Agent and the Lenders, be separately classified under the

18  Chapter 11 Plan.  The Chapter 11 Plan shall provide (a) that Agent

19  shall continue to have a lien and security interest in any

20  Collateral still in existence on the Effective Date of the Chapter

21  11 Plan, (b) that the Debtors (or any liquidating trustee or

22  successor to the Debtors) shall continue to collect the Accounts

23  and any other Collateral and disburse to Agent its percentage

24  thereof as provided in this Stipulation, (c) that Agent shall

25  receive on account of Agent's Deficiency Claim (with the amount of

26  

27  

28                                10

1  Agent's Deficiency Claim to be reduced by any proceeds from

2  Collateral paid to or received by Agent after the Chapter 11 Plan

3  Effective Date) a pro rata share of amounts distributed to general

4  unsecured creditors under the Chapter 11 Plan; provided that

5
6  (i) Agent shall not be entitled to share in any recovery to general

7  unsecured creditors until all general unsecured creditors other

8  than Agent have received payment equal to ten percent (10%) of the

9  amounts of their allowed general unsecured claims, and (ii) Agent

10 shall not be entitled to share in any distribution of any proceeds

11 of the Debtors' 50% share of any General Litigation, and (d) for

12 such other provisions as are necessary or appropriate to implement

13
14 the foregoing and the other terms of this Stipulation.  If the

15 Bankruptcy Cases are converted to Chapter 7 cases, Agent's

16 Deficiency Claim in the Chapter 7 cases shall be treated similarly

17 to the treatment that Agent's Deficiency Claim would have received

18 under a Chapter 11 Plan.

19    8.    Investment Banking Fee.  Agent and the Committee shall

20 support the Debtors' request to pay the Investment Banker Set Aside

21 to MTS pursuant to the Debtors' pre-petition contract with MTS.  If

22
23 notwithstanding the support of the Debtors, the Agent and the

24 Committee, the Court awards MTS a fee that is less than the

25 Investment Banker Set Aside, the difference between the Investment

26 Banker Set Aside and the amount awarded by the Court to MTS shall

27 be disbursed to Agent on account of Agent's Claim.

28
11

9.   Cash Collateral.  Following the Asset Sale Closing and the distribution of the Asset Sale Proceeds in the manner set forth in paragraph 1 above, the Debtors shall use only Unencumbered Funds to pay administrative and other expenses of the Debtors' estates. The parties to this Stipulation agree that there is no need for any furtherance of the Cash Collateral Order and the continued cash collateral hearing scheduled for June 23, 2010 at 10:00 a.m. shall come off calendar.  The Debtors are relieved of any obligation to provide Agent with any further budget as provided in the Cash Collateral Order.

10.  Releases.  The Debtors and the Committee, on behalf of the Estates (and any subsequently appointed Chapter 11 trustee or Chapter 7 trustee, liquidating trustee or other representative of the Estates now or hereafter existing or appointed for the Estates), hereby fully and forever release and discharge Agent and each of the Lenders, in all capacities, and their successors and assigns, affiliates, representatives, attorneys, financial advisors, consultants, agents, officers, directors, employees and any professional retained by them (the "Released Parties") from any and all claims (including any claims arising under Section 506(c) of the Bankruptcy Code or to otherwise surcharge any Collateral or to subordinate Agent's Claim under section 510 of the bankruptcy code or to otherwise subordinate Agent's Claim), demands, actions, causes of action, suits, damages, liabilities or loss, obligations,

12

costs or expenses of any nature whatsoever (collectively, the

"Released Claims"), including attorneys' fees and costs, of any

kind or nature, whatsoever, past or present, whether  contingent or

fixed, disputed or liquidated, known or unknown, arising at any

time before the date of the Approval Order (as defined below), in

any way relating to the Debtors including the extension and

administration of financial accommodations prior to or following

the Petition Date under the Credit Agreement and these Bankruptcy

Cases.

The Debtors and the Committee expressly waive all rights the

Debtor, the Committee, or the Debtors' Estates may have under

Section 1542 of the Civil Code of the State of California, which

reads as follows:

> "A general release does not extend to claims
> which the creditor does not know or suspect
> to exist in his or her favor at the time of
> executing the release, which if known by him
> or her must have materially affected his or
> her settlement with the debtor."

Without limiting the generality of the foregoing, the Committee

acknowledges that its review of the Credit Agreement, and its

investigation of the Agent's liens and the transactions among Agent

and Lenders and the Debtors, is not as extensive as such a review

13

and investigation would have been if the Committee had more time to undertake such review and investigation.  Nevertheless, the Committee has determined, based on the review and investigation it has been able to undertake, that the substantial benefits to the Estates arising from this Stipulation exceed the value of any potential claims being released by this Stipulation and waives any right to challenge the releases provided herein on the basis of any information asserted to be unknown by the Committee on the date hereof.

Notwithstanding anything in this paragraph, nothing in this paragraph is intended to release any Released Parties from compliance with or performance of any provisions of or obligations under this Stipulation.  Also, nothing in this paragraph is intended to alter any of the rights provided in Paragraph 7(b) above to challenge or object to Agent's Claim on the bases set forth therein or the calculation of the amount of Agent's Deficiency Claim.

11.   Approval Order.  Promptly upon execution of this Stipulation, the Debtors shall seek entry of an order of the Court approving this Stipulation (the "Approval Order") in the form attached hereto as Exhibit "1".  This Stipulation shall not become effective until the Approval Order has been entered.

12.   Integration. This Stipulation represents the entire agreement among the parties hereto in regard to all matters

14

contained herein and contains all the representations, warranties, agreements and understandings among the parties and supersedes all prior negotiations, representations or agreements, either written or oral.

13. No Admissions. This Stipulation and all negotiations, statements and proceedings in connection herewith are not and shall not in any event be construed or deemed to be evidence or an admission or concession of liability, obligation or wrongdoing on the part of any party hereto in connection with, or relating to any allegations whatsoever, all of which, if any, have been and continue to be expressly denied and disclaimed, and shall not be offered or received in evidence nor shall they be admissible in any action or proceeding in any court or other tribunal or used in any way as an admission, concession or evidence of any liability, obligation or wrongdoing of any nature by any party hereto, except upon written agreement of the parties hereto.

14. Amendments. Any waiver, alteration or modification of any of the provisions of this Stipulation shall not be valid unless in writing and signed by all parties hereto.

15. Drafting of Agreement. The undersigned agree that this Stipulation shall not be construed either in favor of or against any party hereto, nor shall any party hereto be deemed the sole drafter hereof. Moreover, all parties hereto represent and warrant that they have carefully read and fully understand all of the

15

provisions of this Stipulation and that they have voluntarily and knowingly signed this Stipulation.

16.  Successors and Assigns.  This Stipulation shall be binding upon, and inure to the benefit of, the parties hereto, the parties released herein, and their respective heirs, executors, representatives, successors and assigns, including any trustee or other fiduciary or legal representatives that may be hereafter appointed for the Debtors, including a trustee under Chapter 7 or Chapter 11 of the Bankruptcy Code, a liquidating trustee under a Chapter 11 plan, or a representative of the Estates appointed under Section 1123 of the Bankruptcy Code.

17.  Governing Law.  This Stipulation and the rights and obligations of the parties herein shall be governed by, and construed in accordance with the Bankruptcy Code.  To the extent that the Bankruptcy Code does not address the issue presented, this Stipulation and the rights and obligations of the parties herein shall be governed by, and construed in accordance with, the laws of the State of California (without giving effect to its principles of conflicts of law).

18.  Enforcement.  The failure of any party hereto to enforce at any time any of the provisions of this Stipulation, or to require at any time performance by any other party hereto of any of the provisions hereof, or to resort to any remedy or to exercise one or more remedies, shall in no way be construed to be a waiver

16

1  of such provision, nor in any way to affect the validity of this

2  Stipulation or any party hereof, or the right of such party to

3  enforce each and every such provision.

4      19.  Retention of Jurisdiction.  The parties agree that the

5  Bankruptcy Court has and shall retain exclusive jurisdiction to

6  implement and enforce the terms and provisions of this Stipulation,

7  including any disputes or controversies relating thereto.

8      20.  Counterparts.  This Stipulation may be executed in

9  counterparts, and all such executed counterparts when taken

10 together shall constitute an original of one and the same document.

11 Counterparts may be transmitted by facsimile, electronic mail or

12 other electronic means.

13 AGREED:

14 Dated:  June 17, 2010

15 WINSTON & STRAWN, LLP

16 By:_____

17     Justin E. Rawlins
       Randy Rogers
18     Attorneys for GE Business
       Financial Services, Inc.

19 BUCHALTER NEMER,
   A PROFESSIONAL CORPORATION

20

21 By:_____
       Jeffrey K. Garfinkle
22     [Proposed] Attorneys for
       the Official Committee of
23     Unsecured Creditors

24              (SIGNATURES CONTINUED ON FOLLOWING PAGE)

                        17

1  of such provision, nor in any way to affect the validity of this

2  Stipulation or any party hereof, or the right of such party to

3  enforce each and every such provision.

4      19.   Retention of Jurisdiction.  The parties agree that the

5  Bankruptcy Court has and shall retain exclusive jurisdiction to

6  implement and enforce the terms and provisions of this Stipulation,

7

8  including any disputes or controversies relating thereto.

9      20.   Counterparts.  This Stipulation may be executed in

10  counterparts, and all such executed counterparts when taken

11  together shall constitute an original of one and the same document.

12  Counterparts may be transmitted by facsimile, electronic mail or

13  other electronic means.

14  AGREED:

15  Dated:   June 17, 2010

16  WINSTON & STRAWN, LLP

17

18  By:_____

19        Justin E. Rawlins
          Randy Rogers
20        Attorneys for GE Business
          Financial Services, Inc.
21

22  BUCHALTER NEMER,
    A PROFESSIONAL CORPORATION
23

24  By:_____
        Jeffrey K. Garfinkle
25      [Proposed] Attorneys for
        the Official Committee of
26      Unsecured Creditors

27                  (SIGNATURES CONTINUED ON FOLLOWING PAGE)

28                              17

1

2   LEVENE, NEALE, BENDER, RANKIN
    & BRILL L.L.P.

3

4   By:_____
        Ron Bender
5       Attorneys for Chapter 11
6       Debtors and Debtors in Possession

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                18

# EXHIBIT "1"

1  RON BENDER (SBN 143364)
   JACQUELINE L. RODRIGUEZ (SBN 198838)
2  TODD M. ARNOLD (SBN 221868)
3  JOHN-PATRICK M. FRITZ (SBN 245240)
   LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
4  10250 Constellation Boulevard, Suite 1700
   Los Angeles, California 90067
5  Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
   Email: rb@lnbrb.com; jlr@lnbrb.com; tma@lnbrb.com;
6  jpf@lnbrb.com

7  [Proposed] Attorneys for
8  Chapter 11 Debtors and Debtors in Possession

9                  UNITED STATES BANKRUPTCY COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                     SANTA ANA DIVISION

12  In re:                          )  Case No. 8:10-bk-16743-TA
                                    )  Lead Case, Jointly Administered
13                                  )  with Case No. 8:10-bk-16746-TA
    WESTCLIFF MEDICAL LABORATORIES, )
14  INC.,                           )  Chapter 11 Cases
                                    )
15          Debtor.                 )
                                    )
16  _____)  ORDER APPROVING STIPULATION
                                    )  ALLOCATING DISTRIBUTION OF SALE
17  BIOLABS, INC.,                  )  PROCEEDS AND OTHER ASSETS OF THE
                                    )  ESTATES;  ALLOWING CLAIM OF GE
18          Debtor.                 )  BUSINESS FINANCIAL SERVICES,
                                    )  INC.; PROVIDING FOR TREATMENT OF
19  _____)  SUCH CLAIM UNDER A CHAPTER 11
                                    )  PLAN; AND GRANTING RELEASES OF
20  ☒ Affects Both Debtors          )  LIABILITY
                                    )
21  ☐ Affects WESTCLIFF MEDICAL     )
       LABORATORIES, INC. only      )
22                                  )  Court Scheduled Hearing:
    ☐ Affects BIOLABS, INC. only    )  Date:  June 3, 2010
23                                  )  Time:  2:30 p.m.
                                    )  Place: Courtroom "5B"
24                                  )         411 West Fourth Street
                                    )         Santa Ana, CA 92701-4593
25                                  )
                                    )
26  _____)

27

28
                                    1

1    The Court having considered the Stipulation Allocating

2 Distribution of Sale Proceeds and Other Assets of the Estates;

3 Allowing Claim of GE Business Financial Services, Inc.; Providing

4 for Treatment of such Claim under a Chapter 11 Plan; and Granting

5 Releases of Liability ("Stipulation"), a copy of which is attached

6 hereto, having determined that good cause exists for entry of this

7 Order and that notice and an opportunity for hearing were

8 appropriate under the circumstances, it is hereby:

9    ORDERED that the Stipulation is approved in all respects, and

10 all terms and conditions of the Stipulation are incorporated herein

11 and are SO ORDERED and that, without limiting the generality of the

12 foregoing (a) Agent shall have an allowed claim in the amount to be

13 calculated in accordance with and on the terms set forth in the

14 Stipulation, the (b) the releases granted to the "Released Parties"

15 (as defined in the Stipulation) are approved and shall be in full

16 force and effect;

17    ORDERED that this Order shall be effective immediately upon

18 entry and that no stay of execution under the Federal Rules of

19 Civil Procedure or the Bankruptcy Rules shall be applicable.

20

21

22

23

24

25

26

27

28
                                    2

| In re:<br>WESTCLIFF MEDICAL LABORATORIES, INC. | CHAPTER 11 |
| | |
| Debtor(s). | CASE NUMBER Lead Case No. 8:10-bk-16743-TA<br>Jointly Administered with Case No. 8:10-bk-16746-TA |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

A true and correct copy of the foregoing document described as **STIPULATION ALLOCATING DISTRIBUTION OF SALE PROCEEDS AND OTHER ASSETS OF THE ESTATES; ALLOWING CLAIM OF GE BUSINESS FINANCIAL SERVICES, INC.; PROVIDING FOR TREATMENT OF SUCH CLAIM UNDER A CHAPTER 11 PLAN; AND GRANTING RELEASES OF LIABILITY** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 17, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Todd M Arnold    tma@lnbrb.com
- Richard L Barnett    rick@barnettrubin.com, rlbsec@barnettrubin.com
- Ron Bender    rb@lnbrb.com
- Jennifer Witherell Crastz    jcrastz@hemar-rousso.com
- Carol J Fogleman    mfrost@bwslaw.com
- John-patrick M Fritz    jpf@lnbrb.com
- Jeffrey K Garfinkle    bkgroup@buchalter.com, jgarfinkle@buchalter.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Michael J Heyman    michael.heyman@klgates.com
- Mark D Houle    mark.houle@pillsburylaw.com
- Andy Kong    Kong.Andy@ArentFox.com
- Rodger M Landau    rlandau@lgbfirm.com, kmoss@lgbfirm.com
- Michael B Lubic    michael.lubic@klgates.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- Justin E Rawlins    jrawlins@winston.com, docketla@winston.com
- Jacqueline L Rodriguez    jlr@lnbrb.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Sharon Z Weiss    sharon.weiss@hro.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 17, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

| In re:<br>WESTCLIFF MEDICAL LABORATORIES, INC.<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER Lead Case No. 8:10-bk-16743-TA<br>Jointly Administered with Case No. 8:10-bk-16746-TA |
|---|---|

Via Attorney Service
The Hon. Theodor C. Albert
United States Bankruptcy Court
411 West Fourth Street
Santa Ana, CA 92701

Office of the U.S. Trustee
Frank.Cadigan@usdoj.gov;  nancy.goldenberg@usdoj.gov; Terry.Biers@usdoj.gov

Counsel to GE Business Financial Services, Inc.
rrogers@winston.com; jrawlins@winston.com

Counsel for Committee
bseigel@buchalter.com; jgarfinkle@buchalter.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 17, 2010 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.