1  RON BENDER (SBN 143364)
   JACQUELINE L. RODRIGUEZ (SBN 198838)
2  TODD M. ARNOLD (SBN 221868)
   JOHN-PATRICK M. FRITZ (SBN 245240)
3  LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
4  Los Angeles, California 90067
   Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
5  Email: rb@lnbrb.com; jlr@lnbrb.com; tma@lnbrb.com;
   jpf@lnbrb.com
6
7  Proposed Attorneys for
   Chapter 11 Debtors and Debtors in Possession
8
9              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
10                  (SANTA ANA DIVISION)

11  In re:                          Lead Case No. 8:10-bk-16743-TA
                                     Jointly Administered with
12                                   Case No. 8:10-bk-16746-TA
    WESTCLIFF MEDICAL
13  LABORATORIES, INC.,              Chapter 11 Cases

14          Debtor.                  **DEBTORS' NOTICE OF MOTION AND
                                     MOTION FOR AN ORDER ESTABLISHING
15  ──────────────────────────      BAR DATE FOR FILING PROOFS OF
                                     CLAIM; MEMORANDUM OF POINTS AND
16  BIOLABS, INC.,                   AUTHORITIES AND DECLARATIONS OF
                                     MATTHEW PAKKALA AND JOHN-PATRICK
17          Debtor.                  M. FRITZ IN SUPPORT THEREOF**

18  ──────────────────────────
19  ☒ Affects Both Debtors          [No hearing required unless
                                     requested pursuant to local
20  ☐ Affects WESTCLIFF MEDICAL      bankruptcy rule 9013-1(o)]
       LABORATORIES, INC. only
21
    ☐ Affects BIOLABS, INC.
22  only
23
24
25
26
27
28

1

1    **TO   THE   HONORABLE   THEODOR   C.   ALBERT,   UNITED   STATES**
2    **BANKRUPTCY JUDGE:**

3       **PLEASE   TAKE   NOTICE**   that,   pursuant   to   Fed.R.Bankr.P.
4    3003(c)(3)   and   Local   Bankruptcy   Rule   9013-1(o),   Westcliff
5    Medical   Laboratories,   Inc.   ("Westcliff")   and   BioLabs,   Inc.
6    ("BioLabs"),   the   chapter   11   debtors   and   debtors   in   possession
7    herein   (collectively,   the   "Debtors"),   hereby   move,   by   way   of
8    this   motion   (the   "Motion"),   for   entry   of   an   order   establishing
9    a   bar   date   for   filing   pre-petition   claims   against   the   Debtors.

10      More   specifically,   by   this   Motion,   the   Debtors   respectfully
11   request   that   the   Court   establish   a   bar   date   by   which   parties
12   that   wish   to   assert   pre-petition   claims   must   file   and   serve
13   proofs   of   claim   or   be   forever   barred   from   asserting   any   pre-
14   petition   claims   against   the   Debtors.   The   Debtors   are   prepared
15   to   give   notice   of   the   bar   date   ("Notice   of   Bar   Date")   to   all
16   known   creditors   and   parties   in   interest   within   three   (3)
17   business   days   of   entry   of   an   order   approving   this   Motion.
18   Based   on   the   foregoing,   the   Debtors   are   requesting   that   the   bar
19   date   for   filing   such   pre-petition   claims   be   fixed   at   sixty   days
20   from   the   date   of   the   Notice   of   the   Bar   Date.   The   Debtors   make
21   this   request   to   promote   the   efficient   administration   of   the
22   bankruptcy   estates,   obtain   certainty   for   any   reorganization
23   plan   to   be   proposed   by   the   Debtors,   and   obtain   a   final   and
24   definite   purview   of   all   alleged   claims,   which   the   Debtors   will
25   evaluate   and   dispute   to   the   extent   necessary.

26      **PLEASE   TAKE   FURTHER   NOTICE**   that,   pursuant   to   Rule   9013-
27   1(o)(1)(A)(ii)   of   the   Local   Bankruptcy   Rules   of   the   United
28

1  States Bankruptcy Court for the Central District of California
2  (the "Local Bankruptcy Rules"), any response and request for
3  hearing must be filed with the Court and served on the Debtors'
4  counsel and the United States Trustee within fourteen (14) days
5  after the date of service of this Notice.

6  **PLEASE TAKE FURTHER NOTICE** that failure to file and serve a
7  timely response to the Motion or request for a hearing on the
8  Motion may be deemed by the Court to be consent to the granting
9  of the relief requested in the Motion.

10  **WHEREFORE**, the Debtors respectfully request that the Court
11  enter an order:

12      (a)  Affirming the adequacy of the Notice given herein;

13      (b)  Granting the Motion in its entirety;

14      (c)  Setting a Claims Bar Date that is sixty (60) days from
15          the date of the Notice of Bar Date, provided that the
16          Debtors send out the Notice of Bar Date within three
17          (3) business days of the date of entry of an order
18          approving the Motion;

19      (d)  Precluding any party that fails to file a pre-petition
20          claim with the Court and serve such proof of claim
21          upon counsel for the Debtors from asserting a pre-
22          petition claim against the Debtors or the Debtors'
23          estates thereafter;

24      (e)  Approving the form of Notice of Claims Bar Date
25          attached as Exhibit "A" to the Declaration of Matthew
26          Pakkala; and

27

28

1    (f)   Granting such other and further relief as the Court

2    deems just and proper under the circumstances.

3  Dated: June 25, 2010       WESTCLIFF MEDICAL LABORATORIES, INC.

4

-and-

5

BIOLABS, INC.

6

7                 */s/ Ron Bender*
RON BENDER

8                 JACQUELINE L. RODRIGUEZ
TODD M. ARNOLD

9                 JOHN-PATRICK M. FRITZ
LEVENE, NEALE, BENDER, RANKIN

10                   & BRILL L.L.P.
(Proposed) Attorneys for Chapter 11

11                 Debtors and Debtors in Possession

4

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.**

3

**STATEMENT OF FACTS**

4   **A.    BACKGROUND.**

5   Westcliff Medical Laboratories, Inc. ("Westcliff") and
6   BioLabs, Inc. ("BioLabs"), the chapter 11 debtors and debtors in
7   possession herein (collectively, the "Debtors"), commenced their
8   bankruptcy cases by filing voluntary petitions under Chapter 11
9   of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") on May 19,
10  2010 (the "Petition Date"). The Debtors continue to manage their
11  financial affairs and operate their bankruptcy estates as debtors
12  in possession pursuant to Sections 1107 and 1108 of the
13  Bankruptcy Code.

14  BioLabs is the parent company to Westcliff, which is the
15  operating company. Biolabs was organized for the purposes of
16  acquiring 100% of the capital stock and other equity interests of
17  Westcliff. The only material asset owned by BioLabs is its stock
18  interest in Westcliff.

19  Westcliff was founded in 1964 as a community-based
20  laboratory and is headquartered in Santa Ana, California. Prior
21  to the sale of substantially all of the Debtors' assets (the
22  "Sale"), which sale closed on June 16, 2010, Westcliff was the
23  operator of approximately 170 branded, stand-alone, patient
24  service center laboratories and STAT labs that provided various
25  services, including clinical testing, pathology, reporting and
26  support services for the benefit of thousands of out-patients

27

28

5

1  throughout California.    Prior to the close of the Sale, the
2  Debtors had nearly 1,000 employees.

3      Much of the Debtors' growth prior to the Petition Date came
4  from the acquisition of other labs, which caused the Debtors to
5  incur a substantial amount of debt.    Prior to the close of the
6  Sale, the Debtors owed approximately $56 million to GE Business
7  Financial Services, Inc. ("GE"), which was secured by a senior
8  priority lien against all or substantially all of the Debtors'
9  assets.

10  **B.    THE NECESSITY FOR FILING BANKRUPTCY, THE SALE, AND POST-SALE**
11  **ACTIVITIES.**

12      While the Debtors' revenue was significant, due to the small
13  profit   margins   in   this   business,   despite   significant   and
14  continuing cost cutting measures undertaken by the Debtors, the
15  Debtors were simply not able to operate sufficiently profitably
16  to enable the Debtors to repay their debts.

17      The Debtors suffered a net loss of approximately $87 million
18  in 2008 (including expenses and write offs of approximately $171
19  million)  on  net  revenue  of  approximately  $84  million.     The
20  Debtors suffered a net loss of approximately $13 million in 2009
21  (including expenses and write offs of approximately $110 million)
22  on net revenue of approximately $97 million.

23      While the Debtors instituted as many expense reductions as
24  were reasonably possible, the Debtors' losses continued.    Since
25  the beginning of 2009, the Debtors have been unable to make any
26  debt service payments to GE, and the Debtors have been unable to
27  remain   current   with   their   other   debt   obligations,   including

28

6

1 payments owing to former owners of companies the Debtors
2 previously purchased as part of the Debtors' overall growth
3 strategy.    Indeed, the Debtors were only able to survive
4 financially over the past approximately seventeen months leading
5 up to the Sale because GE agreed to provide the Debtors with
6 additional funding.

7      The only way the Debtors could have survived as a stand
8 alone going concern business would have been for the Debtors to
9 raise many millions of dollars of additional equity which was not
10 possible given the Debtors' debt structure.

11      While the Debtors anticipated growth in Westcliff's business
12 operations and reducing per patient costs and increasing profits
13 in the years to come, the Debtors realized that they needed
14 additional time and funding to accomplish such results.    The
15 Debtors were not able to obtain such funding.    It therefore
16 became clear to the Debtors in early 2009 that the only viable
17 option available to the Debtors to avoid a shut down of their
18 business and the loss of employment by all of the Debtors'
19 employees would be for the Debtors to sell their business as a
20 going concern to the highest bidder.    Therefore, as set forth in
21 numerous pleadings filed with the Court, the Debtors determined
22 that an expedited sale of substantially all of the Debtors'
23 assets in bankruptcy followed by a liquidating plan was in the
24 overwhelming best interests of the Debtors' estates and their
25 creditors.

26      In conjunction with the Sale, the Debtors, GE, and the
27 Official Committee of Unsecured Creditors entered into a
28

7

1    stipulation regarding the allocation of proceeds from the Sale
2    and other assets remaining with the Debtors after the Sale (the
3    "Allocation    Stipulation").       Pursuant    to   the    Allocation
4    Stipulation, the Debtors have obtained some unencumbered cash
5    from the proceeds of the Sale, and the Debtors expect to obtain
6    additional unencumbered funds from, among other things, the
7    liquidation of accounts receivable.     Any other secured debt of
8    the Debtors is relatively small in nature and relates to liens
9    against only certain of the Debtors' equipment.    The Debtors also
10   have a substantial amount of unsecured debt.

11        Since  the  close  of  the  Sale,  the  Debtors  have  been
12   addressing transitional issues, liquidating accounts receivable,
13   which were not part of the Sale, and starting the process of
14   formulating a liquidating plan or plans.

15                                   II.

16        **THE COURT SHOULD SET A PRE-PETITION CLAIMS BAR DATE**

17        In order to administer the estates and properly formulate any
18   chapter 11 plan or plans, it is important that the Debtors have
19   complete and accurate information regarding the nature, amount and
20   status of alleged claims against the estates.   To accomplish this,
21   the Debtors respectfully request entry of an order pursuant to
22   sections 105(a), 501, and 1111(a) of the Bankruptcy Code, Rules
23   2002(a)(7),  3003(c)(3)  and  5005(a)  of  the  Federal  Rules  of
24   Bankruptcy  Procedure  (the  "Bankruptcy  Rules"),  and  Local
25   Bankruptcy Rule 3001-1, setting a pre-petition claims bar date
26   that is sixty (60) days from the date of the Notice of Bar Dates,
27   provided that the Debtors send out the Notice of Bar Dates within
28

                                     8

1  three (3) business days of the date of entry of an order approving
2  the Motion.

3       Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall
4  fix and for cause shown may extend the time within which proofs of
5  claim or interest may be filed." Fed.R.Bankr.P. 3003(c)(3).
6  Neither the Bankruptcy Code nor the Bankruptcy Rules specify a
7  time by which proofs of claim must be filed in chapter 11 cases,
8  except for governmental units, as provided by section 502(b)(9) of
9  the Bankruptcy Code.

10       The circumstances of these chapter 11 cases justify fixing
11  the Claims Bar Date as requested herein.  To develop a final,
12  comprehensive, and feasible chapter 11 plan or plans, the Debtors
13  will require complete and accurate information regarding the
14  nature, amount and status of claims that will be asserted against
15  it in these chapter 11 cases as soon as possible.  As the
16  specifics of any chapter 11 plan or plans ultimately depend upon a
17  complete and accurate assessment of the claims asserted against
18  the Debtors, the Debtors' request for a Claims Bar Date is
19  reasonable and should be granted.  Accordingly, the Debtors
20  request that the Court fix the requested deadlines for the filing
21  of proofs of claim against the Debtors' estates, for claims that
22  arose on or before the Petition Date.

23                              **III.**

24          **PARTIES ARE REQUIRED TO FILE PROOFS OF CLAIM**

25       The Debtors propose that the Claims Bar Date apply to all
26  persons or entities holding claims against the Debtors, which
27  / /

28

claims arose prior to or on the Petition Date, including the following:

(1) Any person or entity whose claim is listed in the Debtors' Schedules of Assets and Liabilities as "disputed," "contingent," or "unliquidated" and that desires to participate in the Debtors' chapter 11 cases or share in a distribution, if any, in the Debtors' chapter 11 cases;

(2) Any person or entity whose claim is improperly classified or is listed in an incorrect amount in the Debtors' Schedules of Assets and Liabilities and desires to have its claim allowed in a classification or amount other than as set forth in the Schedules of Assets and Liabilities; and

(3) Any person or entity whose claim against the Debtors is not listed at all.

The Debtors shall retain the right to:

(1) Dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules of Assets and Liabilities as to nature, amount, liability, classification, or otherwise; and

(2) Subsequently designate any claim as disputed, contingent or unliquidated, and, the Debtors propose that if they amend their Schedules of Assets and Liabilities to reduce the undisputed, noncontingent and unliquidated amounts or to change the nature or classification of a claim reflected therein, then the affected claimant shall have thirty (30) days from receipt of notice of the amendments to the Schedules of Assets and Liabilities, or up until the established Claims Bar Date,

1 whichever is later, to file a proof of claim or to amend any
2 previously filed proof of claim in respect of such amendment to
3 the Debtors' Schedule of Assets and Liabilities.

4     Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity
5 that is required to file a proof of claim in these chapter 11
6 cases but that fails to do so in a timely manner should be
7 forever barred, estopped, and enjoined from:

8     (1) Asserting any pre-petition claim against the Debtors
9 that such person or entity has that is in an amount that exceeds
10 the amount if any, that is set forth in the Debtors' Schedules of
11 Assets and Liabilities or is of a different nature or in a
12 different classification; and

13     (2) Voting upon, or receiving distributions upon any
14 chapter 11 plan or liquidation in these chapter 11 cases with
15 respect to such claim.

16                         **IV.**

17     **NOTICE OF CLAIMS BAR DATE**

18     Attached as Exhibit "A" to the Declaration of Matthew
19 Pakkala annexed hereto is a form of the Notice of Bar Date which
20 the Debtors will send to all known creditors and parties in
21 interest within three (3) business days of the entry of the order
22 approving this Motion. The Debtors submit that the information
23 set forth on the proposed Notice of Bar Dates is complete and
24 conforms with the language required by Local Bankruptcy Rule
25 3001-1.

26 / /

27 / /

28

1

## V.

2

## CONCLUSION

3    **WHEREFORE**, the Debtors respectfully request that this Court

4    enter an order:

5        (a)  Affirming the adequacy of the Notice given;

6        (b)  Granting the Motion in its entirety;

7        (c)  Setting a Claims Bar Date that is sixty (60) days from

8              the date of the Notice of Bar Dates, provided that the

9              Debtors send out the Notice of Bar Dates within three

10              (3) business days of the date of entry of an order

11              approving the Motion;

12        (d)  Precluding any party that fails to file a pre-petition

13              claim with the Court and serve such proof of claim upon

14              counsel for the Debtors from asserting a pre-petition

15              claim against the Debtors or the Debtors' estates

16              thereafter;

17        (e)  Approving the form of Notice of Claims Bar Date

18              attached hereto as Exhibit "A" to the Declaration of

19              Matthew Pakkala; and

20    / /

21    / /

22    / /

23    / /

24    / /

25    / /

26    / /

27    / /

28

1        (f)   Granting such other and further relief as the Court

2            deems just and proper under the circumstances.

3   Dated: June 25, 2010              WESTCLIFF MEDICAL LABORATORIES,
                                       INC.
4
                                       -and-
5
                                       BIOLABS, INC.
6
                                       /s/ Ron Bender
7                                      ─────────────────────────────
                                       RON BENDER
8                                      JACQUELINE L. RODRIGUEZ
                                       TODD M. ARNOLD
9                                      JOHN-PATRICK M. FRITZ
                                       LEVENE, NEALE, BENDER, RANKIN
10                                         & BRILL L.L.P.
                                       (Proposed) Attorneys for Chapter 11
11                                     Debtors and Debtors in Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DECLARATION OF MATTHEW PAKKALA**

2

I, MATTHEW PAKKALA, HEREBY DECLARE AS FOLLOWS:

3      1.    I have personal knowledge of the facts set forth below
4   and, if called to testify, would and could competently testify
5   thereto.

6      2.    I am a Managing Director of FTI Consulting, Inc.
7   ("FTI"), which maintains its main offices at 500 E. Pratt Street
8   Suite 1400 Baltimore, MD 21202. My business office is located at
9   633 West 5th Street, 16th Floor, Los Angeles, California, 90071.

10     3.    Effective on or about April 1, 2010, I became the Chief
11  Restructuring Officer ("CRO") for Westcliff Medical Laboratories,
12  Inc. ("Westcliff") and its parent corporation, BioLabs, Inc.
13  ("BioLabs"), Chapter 11 Debtors and Debtors in Possession
14  (collectively, the "Debtors").

15     4.    I make this declaration in support of the Motion to
16  which this declaration is attached. To the extent necessary to
17  make this declaration, I have reviewed the Debtors' books and
18  records, created and maintained in the ordinary course of their
19  business. Unless otherwise stated, all capitalized terms herein
20  have the same meanings as in the Motion.

21     5.    The Debtors commenced their bankruptcy cases by filing
22  voluntary petitions under Chapter 11 of 11 U.S.C. § 101 et seq.
23  (the "Bankruptcy Code") on May 19, 2010 (the "Petition Date").
24  The Debtors continue to manage their financial affairs and
25  operate their bankruptcy estates as debtors in possession
26  pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

27

28

14

1        6.    BioLabs is the parent company to Westcliff, which is

2    the operating company.  Biolabs was organized for the purposes of

3    acquiring 100% of the capital stock and other equity interests of

4    Westcliff.  The only material asset owned by BioLabs is its stock

5    interest in the Debtor.

6        7.    Westcliff was founded in 1964 as a community-based

7    laboratory and is headquartered in Santa Ana, California.  Prior

8    to the sale of substantially all of the Debtors' assets (the

9    "Sale"), which sale closed on June 16, 2010, Westcliff was the

10   operator of approximately 170 branded, stand-alone, patient

11   service center laboratories and STAT labs that provided various

12   services, including clinical testing, pathology, reporting and

13   support services for the benefit of thousands of out-patients

14   throughout California.  Prior to the close of the Sale, the

15   Debtors had nearly 1,000 employees.

16       8.    Much of the Debtors' growth prior to the Petition Date

17   came from the acquisition of other labs, which caused the Debtors

18   to incur a substantial amount of debt.  Prior to the close of the

19   Sale, the Debtors owed approximately $56 million to GE Business

20   Financial Services, Inc. ("GE"), which was secured by a senior

21   priority lien against all or substantially all of the Debtors'

22   assets.

23       9.    While the Debtors' revenue was significant, due to the

24   small profit margins in this business, despite significant and

25   continuing cost cutting measures undertaken by the Debtors, the

26   Debtors were simply not able to operate sufficiently profitably

27   to enable the Debtors to repay their debts.

28

15

1    10.    The Debtors suffered a net loss of approximately $87
2  million in 2008 (including expenses and write offs of
3  approximately $171 million) on net revenue of approximately $84
4  million.    The Debtors suffered a net loss of approximately $13
5  million in 2009 (including expenses and write offs of
6  approximately $110 million) on net revenue of approximately $97
7  million.

8    11.    While the Debtors instituted as many expense reductions
9  as were reasonably possible, the Debtors' losses continued.
10  Since the beginning of 2009, the Debtors have been unable to make
11  any debt service payments to GE, and the Debtors have been unable
12  to remain current with their other debt obligations, including
13  payments owing to former owners of companies the Debtors
14  previously purchased as part of the Debtors' overall growth
15  strategy.    Indeed, the Debtors were only able to survive
16  financially over the past approximately seventeen months leading
17  up to the Sale because GE agreed to provide the Debtors with
18  additional funding.

19    12.    The only way the Debtors could have survived as a stand
20  alone going concern business would have been for the Debtors to
21  raise many millions of dollars of additional equity, which was
22  not possible given the Debtors' debt structure.

23    13.    While the Debtors anticipated growth in Westcliff's
24  business operations and reducing per patient costs and increasing
25  profits in the years to come, the Debtors realized that they
26  needed additional time and funding to accomplish such results.
27  However, the Debtors were not able to obtain such funding.    It

28

16

therefore became clear, in early 2009, that the only viable option available to the Debtors to avoid a shut down of their business and the loss of employment by all of the Debtors' employees would be for the Debtors to sell their business as a going concern to the highest bidder.  Therefore, as set forth in numerous pleadings filed with the Court, the Debtors determined that an expedited sale of substantially all of the Debtors' assets in bankruptcy followed by a liquidating plan was in the overwhelming best interests of the Debtors' estates and their creditors.

14. In conjunction with the Sale, the Debtors, GE, and the Official Committee of Unsecured Creditors entered into a stipulation regarding the allocation of proceeds from the Sale and other assets remaining with the Debtors after the Sale (the "Allocation Stipulation").      Pursuant to the Allocation Stipulation, the Debtors have obtained some unencumbered cash from the proceeds of the Sale, and the Debtors expect to obtain additional unencumbered funds from, among other things, the liquidation of accounts receivable.  Any other secured debt of the Debtors is relatively small in nature and relates to liens against only certain of the Debtors' equipment.  The Debtors also have a substantial amount of unsecured debt.

15. Since the close of the Sale, the Debtors have been addressing transitional issues, liquidating accounts receivable, which were not part of the Sale, and starting the process of formulating a liquidating plan or plans.

1    I declare and verify under penalty of perjury that the

2  foregoing is true and correct to the best of my knowledge,

3  information and belief.

4    Executed this 25th day of June 2010, at Santa Ana,

5  California.

6

7                                    __/s/ Matthew Pakkala_____
                                       MATTHEW PAKKALA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DECLARATION OF JOHN-PATRICK M. FRITZ**

2      I, John-Patrick M. Fritz, hereby declare as follows:

3      1.    I have personal knowledge of the facts set forth

4  herein, and, if called as a witness, could and would testify

5  competently with respect thereto.

6      2.    I am an associate of Levene, Neale, Bender, Rankin &

7  Brill L.L.P., proposed bankruptcy counsel to Westcliff Medical

8  Laboratories, Inc. ("Westcliff") and Biolabs, Inc. ("Biolabs"

9  and together with Westcliff, the "Debtors"), the debtors and

10 debtors in possession in the above-captioned, jointly-

11 administered, chapter 11 bankruptcy cases.    The Debtors filed

12 their chapter 11 bankruptcy cases on May 19, 2010 (the "Petition

13 Date").    Since the commencement of these cases, the Debtors have

14 been operating their businesses and managing their financial

15 affairs as debtors in possession pursuant to sections 1107 and

16 1108 of the Bankruptcy Code.

17     3.    In order to effectively administer the estates and

18 formulate any plan (or plans) of reorganization, it is necessary

19 to set bar dates for the filing of pre-petition claims for the

20 Debtors to determine the universe of claims in these cases.

21     4.    In order to administer their estates and properly

22 formulate any plan (or plans) of reorganization, it is important

23 that the Debtors obtain complete and accurate information

24 regarding the nature, amount, and status of the alleged claims

25 against the Debtors' estates.    My office is prepared to give

26 notice of the bar dates ("Notice of Bar Dates") to all known

27 creditors and parties in interest within three (3) business days

28

1 | of entry of an order approving this Motion. Based on the
2 | foregoing, the Debtors are requesting that the bar dates for
3 | filing such Pre-Petition or Administrative Claims be fixed at
4 | sixty (60) days from the date of the Notice of the Bar Dates.

5 |     5.   Attached hereto as Exhibit "A" is a form of the Notice
6 | of Bar Date, which the Debtors will send to all known creditors
7 | and parties in interest within three (3) business days of the
8 | entry of the order approving this Motion. The information set
9 | forth on the proposed Notice of Bar Date is complete and
10 | conforms to the language required by this District's Local
11 | Rules.

12 |     I declare and verify under penalty of perjury that the
13 | foregoing is true and correct to the best of my knowledge,
14 | information and belief.

15 |     Executed on this 25th day of June 2010, at Los Angeles,
16 | California.

17 |                                  /s/ *John-Patrick M. Fritz*
                                       JOHN-PATRICK M. FRITZ

18
19
20
21
22
23
24
25
26
27
28

**Exhibit A**

1   RON BENDER (SBN 143364)
    JACQUELINE L. RODRIGUEZ (SBN 198838)
2   TODD M. ARNOLD (SBN 221868)
3   JOHN-PATRICK M. FRITZ (SBN 245240)
    LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
4   10250 Constellation Boulevard, Suite 1700
    Los Angeles, California 90067
5   Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
    Email: rb@lnbrb.com; jlr@lnbrb.com; tma@lnbrb.com;
6   jpf@lnbrb.com

7   Proposed Attorneys for
    Chapter 11 Debtors and Debtors in Possession

8

9              **UNITED STATES BANKRUPTCY COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
10                   **(SANTA ANA DIVISION)**

11  In re:                          Lead Case No. 8:10-bk-16743-TA
                                    Jointly Administered with
12                                  Case No. 8:10-bk-16746-TA
    WESTCLIFF MEDICAL
13  LABORATORIES, INC.,             Chapter 11 Cases

14            Debtor.

15  ─────────────────────────

16  BIOLABS, INC.,                  **NOTICE OF CLAIMS BAR DATE**

17            Debtor.                **LAST DAY TO FILE CLAIMS**
                                     **_____, 2010**
18  ─────────────────────────

19  ☒ Affects Both Debtors

20  ☐ Affects WESTCLIFF MEDICAL
       LABORATORIES, INC. only
21
    ☐ Affects BIOLABS, INC.
22  only

23

24      **TO ALL CREDITORS, EQUITY HOLDERS AND PARTIES IN INTEREST:**

25                 **NOTICE OF CLAIMS DEADLINE**

26      The Bankruptcy Court has set a deadline of _____,

27  2010 ("Bar Date"), for creditors and holders of ownership

28

                                1

1   interests in Westcliff Medical Laboratories, Inc. ("Westcliff")

2   and BioLabs, Inc. ("BioLabs"), the chapter 11 debtors and debtors

3   in possession herein (collectively, the "Debtors"), to file

4   proofs of claim against or proofs of interest in the Debtors'

5   estates.

6       The exceptions to this deadline for filing proofs of claims

7   or interest are: (1) claims arising from rejection of executory

8   contracts or unexpired leases, (2) claims of governmental units,

9   and (3) claims arising as the result of transfer avoidance

10  pursuant to chapter 5 of the Bankruptcy Code.

11      For claims arising from rejection of executory contracts or

12  unexpired leases pursuant to 11 U.S.C. § 365, the last day to

13  file a proof of claim is: **(a) 30 days after the date of entry of**

14  **the order authorizing the rejection, or (b)                    ,**

15  **2010**, whichever is later.

16      For claims of "governmental units," as that term is defined

17  in 11 U.S.C. § 101(27), proofs of claim are timely filed: **(a)**

18  **before 180 days after the date of the order for relief in this**

19  **case, or (b)                    , 2010**, whichever is later. 11 U.S.C.

20  § 502(b)(9).

21      For claims arising from the avoidance of a transfer under

22  chapter 5 of the Bankruptcy Code, the last day to file a proof of

23  claim is: **(a) 30 days after the entry of judgment avoiding the**

24  **transfer, or (b)                    , 2010**, whichever is later.

25      If you are listed on the Debtors' Schedules of Assets and

26  Liabilities and your claim or interest is not scheduled as

27  disputed, contingent, unliquidated or unknown, your claim or

28

2

1   interest is deemed filed in the amount set forth in the
2   Schedules, and filing of a proof of claim or interest is
3   unnecessary if you agree that the amount scheduled is correct and
4   that the category in which your claim or interest is scheduled
5   (secured, unsecured, preferred stock, common stock, *etc.*) is
6   correct. 11 U.S.C. § 1111(a).

7       If your claim or interest is not listed on the Schedules or
8   is scheduled as disputed, contingent, unliquidated or unknown, or
9   you disagree with the amount or description scheduled for your
10  claim or interest, you must file a proof of claim or interest.

11  **Failure of a creditor or interest holder to file timely a**
12  **proof of claim or interest on or before the deadline may result**
13  **in disallowance of the claim or interest or subordination under**
14  **the terms of a plan of reorganization without further notice or**
15  **hearing. 11 U.S.C. § 502(b)(9).  Creditors and interest holders**
16  **may wish to consult an attorney to protect their rights.   The**
17  **Debtors reserve the right to object to any and all proof of**
18  **claim or interest on any and all grounds.**

19  Dated: July ⟨ ⟩, 2010          WESTCLIFF MEDICAL LABORATORIES,
20                                  INC.

21                                  -and-

22                                  BIOLABS, INC.

23                                  */s/ Ron Bender*
                                    RON BENDER
24                                  JACQUELINE L. RODRIGUEZ
                                    TODD M. ARNOLD
25                                  JOHN-PATRICK M. FRITZ
                                    LEVENE, NEALE, BENDER, RANKIN
26                                    & BRILL L.L.P.
                                    (Proposed) Attorneys for Chapter 11
27                                  Debtors and Debtors in Possession
28

3

| In re:<br>WESTCLIFF MEDICAL LABORATORIES, INC.<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER Lead Case No. 8:10-bk-16743-TA<br>Jointly Administered with Case No. 8:10-bk-16746-TA |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

A true and correct copy of the foregoing document described as **DEBTORS' NOTICE OF MOTION AND MOTION FOR AN ORDER ESTABLISHING BAR DATE FOR FILING PROOFS OF CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF MATTHEW PAKKALA AND JOHN-PATRICK M. FRITZ IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 25, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Todd M Arnold    tma@lnbrb.com
- Richard L Barnett    rick@barnettrubin.com, rlbsec@barnettrubin.com
- Ron Bender    rb@lnbrb.com
- Jennifer Witherell Crastz    jcrastz@hemar-rousso.com
- Carol J Fogleman    mfrost@bwslaw.com
- John-patrick M Fritz    jpf@lnbrb.com
- Jeffrey K Garfinkle    bkgroup@buchalter.com, jgarfinkle@buchalter.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Michael J Heyman    michael.heyman@klgates.com
- Mark D Houle    mark.houle@pillsburylaw.com
- Andy Kong    Kong.Andy@ArentFox.com
- Rodger M Landau    rlandau@lgbfirm.com, kmoss@lgbfirm.com
- Michael B Lubic    michael.lubic@klgates.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- Justin E Rawlins    jrawlins@winston.com, docketla@winston.com
- Jacqueline L Rodriguez    jlr@lnbrb.com
- Benjamin Seigel    bseigel@buchalter.com, IFS_filing@buchalter.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Sharon Z Weiss    sharon.weiss@hro.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **June 25, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Service via first class mail

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 25, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

| In re:<br>WESTCLIFF MEDICAL LABORATORIES, INC.<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER Lead Case No. 8:10-bk-16743-TA<br>Jointly Administered with Case No. 8:10-bk-16746-TA |
|---|---|

☐ Service information continued on attached page

Via Attorney Service
The Hon. Theodor C. Albert
United States Bankruptcy Court
411 West Fourth Street
Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 25, 2010 | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

In re Westcliff Medical Laboratories
File No. 4367                              Service by U.S. MAIL
RSN

Proposed Committee-RSN                                                      Frank Cadigan
Benjamin Seigel/Jeffrey Garfinkle                                          Nancy Goldenberg
Buchalter Nemer                                                            Terry Biers
1000 Wilshire Boulevard, Suite 1500                                        Office of the U.S. Trustee
Los Angeles, California 90017-2457                                         411 West Fourth St. Suite 9041
                                                                           Santa Ana, CA 92701

Counsel for Health Net, Inc.-RSN           RSN                             Steven A. Oldham, Sr. Staff Atty
Pillsbury Winthrop Shaw Pittman LLP        Los Angeles County Treasurer and Tax   State of CA, Dept. of Health Care Services
Attn:  Mark D. Houle, Esq.                 Collector                        Office of Legal Services
650 Town Center Drive, Suite 700           P.O. Box 54110                   MS 0010
Costa Mesa, CA 92626-7122                  Los Angeles, CA 90054-0110       P.O. Box 997413
                                                                           Sacramento, CA 95899-7413

RSN
Rita A. Woodard
Treasurer-Tax Collector
221 S. Mooney Blvd., Room 104-E
Visalia, CA 93291-4593

Westcliff Medical Laboratories, Inc.
File No. 4367
Secured Creditors (Westcliff)
20 Largest (BioLabs)

| | | |
|---|---|---|
| Bank of America, N.A.<br>As Successor by Merger to LaSalle<br>Bank N<br>135 South LaSalle Street<br>Chicago, IL 60603 | Becton Dickinson & Co.<br>Attn: Officer/Director/Legal Dept.<br>1 Becton Drive<br>Franklin Lakes, NJ 07417 | BMT Leasing, Inc.<br>Attn: Officer/Director/Legal Dept.<br>P.O. Box 692<br>Bryn Mawr, PA 19010 |
| CapitalSource Finance LLC<br>Gregory Browne, Managing Partner<br>4445 Willard Avenue, Twelfth Floor<br>Chevy Chase, MD 20815 | Cisco Systems Capital Corp.<br>Attn: Officer/Director/Legal Dept.<br>170 W. Tasman Drive, MS SJ13-3<br>San Jose, CA 95134 | CYTYC Limited Partnership<br>Attn: Officer/Director/Legal Dept.<br>250 Campus Drive<br>Marlborough, MA 01752 |
| Diasorin, Inc.<br>Attn: Officer/Director/Legal Dept.<br>1951 Northwestern Avenue<br>Stillwater, MN 55082 | GE Business Financial Serv., Inc.<br>Attn: Officer/Director/Legal Dept.<br>2 Bethesda Metro Ctr., Suite 600<br>Bethesda, MD 20814 | GE Capital Business Fin. Serv., Inc<br>Attn: Officer/Director/Legal Dept.<br>2 Bethesda Metro Center, Suite 600<br>Bethesda, MD 20814 |
| Jules and Associates, Inc.<br>Attn: Officer/Director/Legal Dept.<br>515 S. Figueroa St., Suite 1950<br>Los Angeles, CA 90071 | Leasing Assoc. of Barrington, Inc.<br>Attn: Officer/Director/Legal Dept.<br>33 W. Higgins Road, Suite 1030<br>South Barrington, IL 60010 | M & I Marshall & Ilsley Bank<br>Attn: Officer/Director/Legal Dept.<br>770 N. Water Street<br>Milwaukee, WI 53202 |
| ~~Merril Lynch Capital~~<br>~~Attn: Officer/Director/Legal Dept.~~<br>~~222 North LaSalle St., 16th Fl.~~<br>~~Chicago, IL 60601~~<br>New Address per returned mail; See<br>Below | ~~Merril Lynch Capital, a Division of~~<br>~~Merril Lynch Bus. Fin. Serv., Inc., as A~~<br>~~222 North LaSalle St., 16th Fl.~~<br>~~Chicago, IL 60601~~<br>New Address per returned mail; See<br>Below | Norlease, Inc.<br>Attn: Officer/Director/Legal Dept.<br>50 South LaSalle Street<br>Chicago, IL 60675 |
| Olympus America, Inc.<br>Attn: Officer/Director/Legal Dept.<br>3500 Corporate Parkway<br>Center Valley, PA 18034 | Phadia US Inc.<br>Attn: Officer/Director/Legal Dept.<br>4169 Commercial Ave.<br>Portage, MI 49002 | Pitney Bowes Credit Corp.<br>Attn: Officer/Director/Legal Dept.<br>27 Waterview Drive<br>Shelton, CT 06484 |
| Pitney Bowes Global Fin. Serv., Inc<br>Attn: Officer/Director/Legal Dept.<br>27 Waterview Drive<br>Shelton, CT 06484 | Roche Diagnostics Corporation<br>Attn: Officer/Director/Legal Dept.<br>9115 Hague Road<br>Indianapolis, IN 46250 | Sandelman Finance 2006-1, Ltd<br>C/O Sandelman Partners LP, Bill Brown<br>500 Park Avenue, 3rd Fl.<br>New York, NY 10022 |
| TCF Equipment Finance, Inc.<br>Attn: Officer/Director/Legal Dept.<br>11100 Wayzata Blvd., Suite 801<br>Minnetonka, MN 55305 | Counsel to GE Business Financial<br>Services, Inc.<br>Randy Rogers<br>Winston & Strawn LLP<br>101 California Street<br>San Francisco, CA 94111-5802 | Merril Lynch Capital<br>Attn: Officer/Director/Legal Dept.<br>500 W. Monroe Street, FL 10<br>Chicago, IL 60661-3688 |
| Merril Lynch Capital, a Division of<br>Merril Lynch Bus. Fin. Serv., Inc., as A<br>500 W. Monroe Street, FL 10<br>Chicago, IL 60661-3688 | | |

In re Westcliff Medical Laboratories
File No. 4367
Creditor Committee

SPECIALTY LABORATORIES
Attn: Sharon Z. Weiss
Holes Roberts & Owen LLP
800 W. Olympic Blvd., 4th Floor
Los Angeles, CA 90015-1367

DIASORIN INC.
Attn: Neal Domeyer
1951 Northwestern Avenue
P.O. Box 285
Stillwater, MN 55082

GENZYME CORPORATION
Attn: D. Ross Martin
Ropes & Gray LLP
One International Place
Boston, MA 02110

SIEMENS HEALTHCARE
DIAGNOSTICS
Attn: Yesim Brisbane
P.O. Box 6101, MS 802
Newark, DE 19714-6101

QIAGEN
Attn: Jonathan Isaac
1201 Clopper Road
Gaithersburg, MD 20878

ROCHE DIAGNOSTICS
CORPORATION
Attn: Wayne Mathias
9115 Hague Road
Indianapolis, IN 46250

IRVINE CORPORATE CENTER, LLC
Attn: Jim Savory
252 Clayton Street
Denver, CO 80206