# EXHIBIT 1

JEFFREY K. GARFINKLE (Cal. State Bar No. 153496)
BENJAMIN S. SEIGEL (Cal. State Bar No. 59992)
JOSEPH M. WELCH (Cal. State Bar No. 259308)
BUCHALTER NEMER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514
Telephone:    (949) 760-1121
Facsimile:    (949) 720-0182
Email: bseigel@buchalter.com
        jgarfinkle@buchalter.com
        jwelch@buchalter.com

Proposed Counsel to the
Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>WESTCLIFF MEDICAL LABORATORIES, INC.,<br><br>        Debtor.<br><br>BIOLABS, INC.,<br><br>        Debtor.<br><br>☒ Affects Both Debtors<br><br>☐ Affects WESTCLIFF MEDICAL LABORATORIES, INC. only<br><br>☐ Affects BIOLABS, INC. only | Lead Case No.: 8:10-bk-16743-TA<br>Jointly Administered with<br>Case No. 8:10-bk-16746-TA<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BUCHALTER NEMER, A PROFESSIONAL CORPORATION AS COUNSEL TO THE OFFICIAL COMMITTEE *NUNC PRO TUNC* TO MAY 24, 2010, DECLARATION OF JEFFREY K. GARFINKLE IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

above-captioned Chapter 11 case of Westcliff Medical Laboratories, Inc. (together with BioLabs,

Inc., the "Debtors"), through its proposed attorneys, Buchalter Nemer, a Professional Corporation

(the "Firm"), hereby applies for an order under 11 U.S.C. § 327(a) and Fed. R. Bankr. Pro.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION

BN 6301185v2                                      1
APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BUCHALTER NEMER AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; DECLARATION

1   2014(a) authorizing the employment and retention of the Firm as bankruptcy counsel to the

2   Committee (the "Application"). This Application is made pursuant to Title 11 of the United

3   States Code (the "Code") § 327, Bankruptcy Rule 2014, and the applicable guidelines of the U.S.

4   Department of Justice, Office of the United States Trustee, Central District of California. This

5   Application is based upon the following facts, the Declaration of Jeffrey K. Garfinkle (and

6   exhibits attached thereto) filed in support of the Application, and any other arguments and

7   evidence the Court considers in connection with this Application.

8       1.      The statutory predicates for the relief requested herein are Bankruptcy Code

9   § 327(a) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

10  Rules").

11      2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157 and

12  1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding

13  pursuant to 28 U.S.C. § 157(b)(2).

14                                   **FACTS**

15      3.      Debtors. Debtors are the debtors and debtors in possession in the above-captioned

16  jointly administered Chapter 11 cases. Debtors filed voluntary petitions under Chapter 11 of the

17  United States Code ("Bankruptcy Code") on May 19, 2010 (the "Petition Date"). Debtors own

18  and operate over 150 branded, stand-alone, patient service center laboratories and STAT labs

19  providing services benefitting thousands of out-patients throughout California and in Phoenix,

20  Arizona.

21      4.      Committee. On or about May 24, 2010, the Office of the United States Trustee

22  held a formation meeting and appointed the Committee. Notice of the appointment of the

23  Committee was filed with this Court on May 24, 2010 [Docket No. 35]. The members of the

24  Committee are:

25      a.      Specialty Laboratories
                Attn: Sharon Z. Weiss
26              Holes Roberts & Owen LLP
                800 W. Olympic Blvd., 4th Floor
27              Los Angeles, CA 90015-1367

28

BUCHALTER NEMER        BN 6301185v2                    2
A PROFESSIONAL CORPORATION

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BUCHALTER NEMER AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

b.  Siemens Healthcare Diagnostics
Attn: Yesim Brisbane
P.O.Box 6101, MS 802
Newark, DE 19714-6101

c.  Roche Diagnostics Corporation
Attn: Wayne Mathias
9115 Hague Road
Indianapolis, IN 46250

d.  Diasorin Inc.
Attn: Neal Domeyer
1951 Northwestern Avenue
P.O. Box 285
Stillwater, MN 55082

e.  Qiagen
Attn: Jonathan Isaac
1201 Clopper Road
Gaithersburg, MD 20878
(Chairperson)

f.  Irvine Corporate Center, LLC
Attn: Jim Savory
252 Clayton Street
Denver, CO 80206

g.  Genzyme Corporation
Attn: D. Ross Martin
Ropes & Gray LLP
One International Place
Boston, MA 02110

5.  **Selection of Counsel.** At the second meeting following the formation meeting of the Committee, held on May 25, 2010, the Committee selected the Firm to serve as bankruptcy counsel for the Committee. The attorneys of the Firm who will appear in this case are admitted to practice before this Court. The Committee has selected the Firm because it has had considerable and recent experience in matters of this type. A copy of the Firm's resume, which provides some background regarding the Firm's expertise in matters of this type, a description of the hourly guideline rates for the attorneys and paralegals and the standard charges for disbursements, and biographies of the attorneys expected to provide the bulk of the services to the Committee, are attached hereto as Exhibits 1, 2, and 3, respectively.

6.  **Services of Counsel.** The Committee requires the services of counsel to assist it in performing its duties under, *inter alia*, Section 1103 of the Bankruptcy Code and to protect its

BUCHALTER NEMER
A PROFESSIONAL CORPORATION

BN 6301185v2                                3

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BUCHALTER NEMER AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

1  rights vis-à-vis the Debtors, creditors and other interested parties, as well as to assist in Debtors'

2  Chapter 11 cases. Without limiting the generality of the foregoing, the services of the Firm are

3  needed for the purpose of rendering the following professional services:

4        a.    To advise and consult with the Committee concerning legal and practical

5  questions arising in this case and concerning the rights and remedies of the Committee with

6  regard to property of the estate; claims asserted against the Debtors and their estates and claims

7  the Debtors and their estates may hold against third parties.

8        b.    To appear in, prosecute and defend suits and proceedings concerning the

9  property of the estates and/or matters relating thereto.

10        c.    To take all necessary and proper steps in other matters involving or

11  connected with the affairs of the estates.

12        d.    To prepare on behalf of the Committee necessary applications, motions,

13  pleadings, orders, reports and other papers required to be filed in or in connection with Debtors'

14  Chapter 11 cases.

15        e.    To perform all other legal services for the Committee which may be

16  necessary.

17  **COMPENSATION AND REIMBURSEMENT OF EXPENSES**

18     7.   Fees.

19        a.    Reasonableness Of Fees. The fees charged by the Firm are competitive

20  with the fees charged by firms of similar size, level of expertise and experience. The fees and

21  costs charged by the Firm in connection with its representation of the Committee are consistent

22  with the fees and costs charged other similar clients of the Firm on similar matters and are in

23  accordance with the United States Trustee's Guidelines and Orders of this Court.

24        b.    Amounts Of Fees. Except as otherwise provided herein, the Firm proposes

25  to charge fees based upon its then prevailing hourly guideline rates. Those rates currently range

26  between $235.00 per hour for the most junior associates to $625.00 per hour for certain of the

27  more senior partners. The primary attorneys representing the Committee and their current hourly

28  rates are: Jeffrey Garfinkle (Shareholder): $525; Benjamin Seigel (Shareholder): $625; Joseph

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
BN 6301185v2                                    4

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BUCHALTER NEMER AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

1   .Welch (Associate): $235. Terms of the Firm's employment are amplified in the accompanying

2   declaration.

3        8.   <u>Costs</u>. It is the Firm's policy, in all areas of practice, to charge clients for certain

4   expenses incurred in connection with the client's case. The Firm does not charge for routine

5   copying, telephone and telecopy charges. The expenses charged to the client include, among

6   other things, certain telephone charges for conference calls, PACER expenses, express mail

7   charges, special or hand delivery charges, certain photocopying charges for large copy projects,

8   travel expenses, and computerized research. The Firm will charge the Committee for these

9   expenses in a manner and at rates consistent with charges made generally to the Firm's other

10   clients, and consistent with the United States Trustee's Guidelines and the Local Bankruptcy

11   Rules.

12        9.   <u>Compensation Subject to Court Approval</u>. As indicated in the attached

13   declaration, the Firm acknowledges that all compensation is subject to court approval upon notice

14   to the Debtors, United States Trustee and interested parties and a hearing. The Firm may, from

15   time to time, as described in more detail below, apply to the Court for interim compensation in

16   conformity with Section 331 of the Bankruptcy Code. At the conclusion of this case, the Firm

17   will file an appropriate application seeking allowance of all fees and costs to date, regardless of

18   whether interim compensation has been paid. The Committee and the Firm understand and agree

19   that the proposed compensation arrangement is subject to Section 328(a) of the Bankruptcy Code

20   which authorizes this Court to modify the Firm's compensation if the fee arrangement appears in

21   retrospect to have been improvident in light of developments unanticipated as of the time of this

22   Application.

23       10.   <u>Interim Compensation</u>. The Committee requests that the professionals employed

24   by the Committee be permitted to submit invoices to the Committee (with copies to the Debtors)

25   on a monthly basis, and that the Debtors be authorized to pay eighty percent (80%) of fees and

26   one hundred percent (100%) of costs owing pursuant to such monthly invoices, all pursuant to

27   any orders of this Court allowing monthly payment of fees and expenses and governing use of

28   cash collateral. The Committee acknowledges that if any fees or costs are subsequently

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BUCHALTER NEMER AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

1    disallowed by this Court after application for allowance of same, the professionals must agree and

2    have agreed that any previously paid, but disallowed fees and costs, may be subject to

3    disgorgement (to the extent not otherwise insulated from disgorgement, reallocation or

4    reapportionment pursuant to an order of this Court) and that the professionals must represent and

5    have represented that they will have the ability to disgorge same and that the professional must

6    agree to and have in fact agreed to disgorge same to extent so order.

7        11.    <u>Final Compensation</u>. At the conclusion of this case, the Firm will file an

8    appropriate application seeking final allowance of the Firm's fees and costs, regardless of

9    whether interim compensation has been paid to the Firm. Upon allowance of such fees and costs,

10    the Debtors' estates will pay to the Firm the difference between the amounts allowed to the Firm

11    and any interim compensation paid to the Firm.

12        12.    <u>Possible Disgorgement</u>. The Firm understands and agrees that, if aggregate

13    interim payments made to the Firm exceed the amount that is ultimately allowed to the Firm, the

14    Firm will be required to, and will, promptly repay to the Debtors' estates such difference.

15                    **<u>DISINTERESTEDNESS</u>**

16        13.    <u>The Firm Does Not Have A Pre-Petition Claim</u>. The Firm does not hold or assert

17    a pre-petition claim against the Debtors and is not a creditor of the Debtors.

18        14.    <u>Disinterestedness</u>. Except as otherwise disclosed herein and in the attached

19    declaration, the Firm is disinterested and is not connected with the Debtors, their attorneys,

20    accountants or the attorneys or accountants of any other party-in-interest in these cases. The Firm

21    does not hold any interest adverse to the estates and the Firm is a disinterested person as defined

22    in 11 U.S.C. § 101(14):

23            a.    The Firm is not a creditor, an equity security holder, or an insider;

24            b.    The Firm is not and was not an investment banker for any outstanding

25    security of the Debtors;

26            c.    The Firm has not been, within three years before the date of the filing of

27    the petitions, an investment banker for a security of the Debtors, or an attorney for such an

28    investment banker in connection with the offer, sale, or issuance of a security of the Debtors;

1    d.    The Firm is not and was not, within two years before the date of the filing

2    of the petitions a director, officer or employee of the Debtors or of an investment banker specified

3    in subparagraph (b) or (c) of this paragraph; and

4    e.    The Firm does not have an interest materially adverse to the interest of the

5    estates or of any class of creditors or equity security holders, by reason of any direct or indirect

6    relationship to, connection with, or interest in, the Debtors or an investment banker specified in

7    subparagraph (b) or (c) of this paragraph, or for any other reason.

8    15.    Disclosures.    In connection with the Application, the Firm makes the following

9    disclosures. The Firm may currently represent, or formerly may have represented, certain

10    creditors of the estates in matters totally unrelated to the Debtors or other parties-in-interest. In

11    addition, the Firm has reviewed the list of the Debtors' secured creditors, the 20 largest unsecured

12    creditors, and the Debtors' officers, directors and shareholders and determined that the Firm has

13    no connections to any of the aforementioned parties with the exception of the following:

14    a.    *Secured Creditors.* The Firm does not and has never represented GE

15    Business Financial Services, Inc ("GEBF"). However, from time to time over the years, the Firm

16    has represented affiliates of GEBF in matters unrelated to the Debtors. The Firm is not on the

17    approved counsel list for General Electric and its affiliates ("GE") and routinely handles matters

18    adverse to GE. The Firm represents Jules and Associates and certain of its affiliates (collectively,

19    "Jules"), an lessor equipment lessor in these cases, in a variety of matters unrelated to the Debtors

20    or their estates. Under the proposed and pending asset purchase agreement, the Debtors contracts

21    with Jules are scheduled as "may be" assumed by the purchaser. While the Firm does not expect

22    any matters to arise relating to Jules, if they do, the Committee will engage separate counsel to

23    handle such matters.

24    b.    *Top 20 Unsecured Creditors.* A review of the Firm's conflict data base

25    reveals and further investigation of the attorneys at the Firm reveals that from time to time the

26    Firm has represented the following parties, and their corporate affiliates, in matters unrelated to

27    the Debtors: Specialty Laboratories and Siemens Financial Services. The Firm has no current

28    matters which the Firm represents either Specialty Laboratories or Siemens Financial Services.

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BUCHALTER NEMER AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

1    Additionally, in the late 1990s and early 2000s, Mr. Garfinkle represented The Broe Companies

2    and certain of its affiliates. The Broe Companies is the parent corporation of Irvine Corporate

3    Center, LLC.

4        All of these relationships have been disclosed to the members of the Committee, and none

5    results in any conflict of interest.

6        16.    No Fee Sharing. No arrangement exists for the sharing of fees or costs to be

7    awarded except in conformity with Bankruptcy Rule 2016(b).

8        17.    Effectiveness. The Committee requests that the employment of the Firm be

9    approved effective as of May 25, 2010 (the "Effective Date"), which is the date the Committee

10    decided to retain the Firm.

11        18.    United States Trustee. This Application has been provided to the United States

12    Trustee for review and recommendation.

13        **WHEREFORE**, the Committee requests that it be authorized to employ the Firm

14    pursuant to Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014(a) of the Federal

15    Rules of Bankruptcy Procedure, at the expense of the Debtors' estates and upon the terms

16    provided herein.

17

18    Dated: June 3, 2009                Respectfully Submitted,

19                                OFFICIAL COMMITTEE OF UNSECURED CREDITORS
                                OF WESTCLIFF MEDICAL LABORATORIES, INC.

20

21    By: _____
                                Qiagen
22                                By: Jonathan Isaac
                                Chairperson

23

24

25

26

27

28

BN 6301185v2                        8

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BUCHALTER NEMER AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

# DECLARATION OF JEFFREY K. GARFINKLE

I, Jeffrey K. Garfinkle, declare:

1.      I am an attorney duly admitted to practice in the State of California and, inter alia, all the United States District Courts in California.  I am a shareholder of Buchalter Nemer and a member of the Firm's Financial Solutions Department.

2.      The Committee seeks approval of its retention of the Firm as its bankruptcy counsel in Debtors' Chapter 11 cases for the purpose of rendering the professional services set forth in the Application.

3.      To the best of my knowledge, after reasonable inquiry, the Firm has never represented the Debtors, does not hold or assert a pre-petition claim against the Debtors and is not an unsecured creditor of the Debtors.

4.      To the best of my knowledge, after reasonable inquiry, except as otherwise disclosed in the Application, the Firm is disinterested and is not connected with the Debtors' principals, attorneys, accountants, creditors, the attorneys or accountants of any other party-in-interest in this case.  Furthermore, to the best of my knowledge, the Firm does not hold any interest adverse to the Debtors' estates and the Firm is a disinterested person as defined in 11 U.S.C. § 101(14):

        a.      The Firm is not a creditor, an equity security holder, or an insider;

        b.      The Firm is not and was not an investment banker for any outstanding security of the Debtors;

        c.      The Firm has not been, within three years before the date of the filing of the petitions, an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors;

        d.      The Firm is not and was not, within two years before the date of the filing of the petitions a director, officer or employee of the Debtors or of an investment banker specified in subparagraph (b) or (c) of this paragraph;

BUCHALTER NEMER
A PROFESSIONAL CORPORATION

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BUCHALTER NEMER AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

1        e.      The Firm does not have an interest materially adverse to the interest of the

2    estates or of any class of creditors or equity security holders, by reason of any direct or indirect

3    relationship to, connection with, or interest in, the Debtors or an investment banker specified in

4    subparagraph (b) or (c) of this paragraph, or for any other reason.

5        5.     In connection with the Application, the Firm makes the following disclosures. The

6    Firm may currently represent, or formerly may have represented, certain creditors of the estates in

7    matters totally unrelated to the Debtors or other parties-in-interest. In addition, the Firm has

8    reviewed the list of the Debtors' secured creditors, the 20 largest unsecured creditors, the list of

9    the Debtors' shareholders, and the Debtors' officers and directors determined that the Firm has no

10   connections to any of the aforementioned parties with the exception of the following:

11        a.     *Secured Creditors*. The Firm does not and has never represented GE

12   Business Financial Services, Inc ("GEBF"). However, from time to time over the years, the Firm

13   has represented affiliates of GEBF in matters unrelated to the Debtors. The Firm is not on the

14   approved counsel list for General Electric and its affiliates ("GE") and routinely handles matters

15   adverse to GE. The Firm represents Jules and Associates and certain of its affiliates (collectively,

16   "Jules"), an lessor equipment lessor in these cases, in a variety of matters unrelated to the Debtors

17   or their estates. Under the proposed and pending asset purchase agreement, the Debtors contracts

18   with Jules are scheduled as "may be" assumed by the purchaser. While the Firm does not expect

19   any matters to arise relating to Jules, if they do, the Committee will engage separate counsel to

20   handle such matters.

21        b.     *Top 20 Unsecured Creditors*. A review of the Firm's conflict data base

22   reveals and further investigation of the attorneys at the Firm reveals that from time to time the

23   Firm has represented the following parties, and their corporate affiliates, in matters unrelated to

24   the Debtors: Specialty Laboratories and Siemens Financial Services. The Firm has no current

25   matters which the Firm represents either Specialty Laboratories or Siemens Financial Services.

26   Additionally, in the late 1990s and early 2000s, Mr. Garfinkle represented The Broe Companies

27   and certain of its affiliates. The Broe Companies is the parent corporation of Irvine Corporate

28   Center, LLC. The Firm and I routinely represent McKesson Corporation ("McKesson), and its

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BUCHALTER NEMER AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

1  subsidiaries and affiliates, in a variety of matters. A subsidiary of McKesson is one of the

2  Debtor's 20 largest unsecured creditors

3      6.    The Firm is familiar with Sections 327, 328, 330 and 331 of the Bankruptcy Code

4  and recognizes that it is bound thereby. At the conclusion of this case, the Firm will file an

5  appropriate application seeking allowance of all fees and costs to date, regardless of whether

6  interim compensation has been paid. The Firm acknowledges that the proposed compensation

7  arrangement shall be subject to Section 328(a) of the Bankruptcy Code, which authorizes this

8  Court to modify the Firm's compensation if the fee arrangement appears in retrospect to have

9  been improvident in light of developments unanticipated as of the time of this Application. The

10  Firm understands and agrees that if aggregate interim payments exceed the amount that is ulti-

11  mately allowed, the Firm will be required to and will promptly repay the difference to the estate.

12      7.    The fees charged by the Firm are competitive with fees charged by firms of similar

13  size, level of expertise and experience. The fees and costs charged by the Firm in connection

14  with its representation of the Committee shall be consistent with the fees and costs charged other

15  similar clients of the Firm on similar matters. The Firm proposes to charge fees based upon its

16  then prevailing hourly guideline rates, which currently range between $235.00 per hour for the

17  most junior associates to $625.00 per hour for certain of the more senior partners. The primary

18  attorneys representing the Committee and their current hourly rates are: Jeffrey Garfinkle

19  (Shareholder): $525; Benjamin Seigel (Shareholder): $625; Joseph Welch (Associate): $235. A

20  copy of the Firm's resume, which provides some background regarding the Firm's expertise in

21  matters of this type is attached hereto as Exhibit 1. A description of the hourly guideline rates for

22  the attorneys and paralegals and the standard charges for disbursements is attached hereto as

23  Exhibit 2. A copy of biographies of the attorneys expected to provide the bulk of services to the

24  Committee, are attached as Exhibit 3.

25      8.    The Firm is not a party to any agreement that would violate the prohibitions of

26  Section 504(a) of the Bankruptcy Code or Bankruptcy Rule 2016(b) regarding the division or

27  sharing of any fees that may be awarded in this case.

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION

BN 6301185v3

11

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BUCHALTER NEMER AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

9.    To the best of my knowledge, no member or employee of the Firm is a relative of a bankruptcy judge or United States Trustee involved in this case.

I declare under penalty of perjury under the laws of the United States of America that I have personal knowledge of the facts stated herein, except where stated on information and belief, and, where so stated, I am informed and believe that such facts are true and correct. If called and sworn as a witness, I could and would competently testify to the above.

Executed on June 14, 2010, at Irvine, California.

JEFFREY K. GARFINKLE

BUCHALTER NEMER
A PROFESSIONAL CORPORATION

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BUCHALTER NEMER AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

## EXHIBIT "1"
## BUCHALTER, NEMER'S EXPERIENCE IN FINANCIAL
## REORGANIZATION AND CHAPTER 11 CASES

Buchalter Nemer is a California law firm, founded in 1948, with approximately 170 attorneys. We provide legal services nationwide with offices in Los Angeles, Irvine, San Francisco and Phoenix, Arizona. We have been serving the needs of the national and international business community for over 60 years. In that time, we have become one of California's best-known law firms, representing our clients in the full range of business transactions.

Buchalter Nemer attorneys are known for the breadth of experience and insight needed to handle complex legal and factual disputes and to resolve difficult regulatory and business problems. The Firm's principal goal is to provide high quality legal services by advancing business through innovative legal solutions.

The Firm's main areas of practice include Insolvency, Bank and Finance, Corporate/Business Practices, Labor and Employment, Litigation and Real Estate. Our practices address a variety of business, litigation, transactional and regulatory matters. We have extensive experience in a number of industry and specialty areas, which are a significant and growing part of our practice. Our attorneys have the depth of experience and the legal talent to handle virtually all the legal needs of our clients in the business community.

The Firm's attorneys employ an array of cutting-edge technology to manage document-intensive cases and to provide close communications with clients. The Firm is strong in its commitment to bringing cost-effective approaches to all its matters, from the simplest to the most complex.

Buchalter Nemer is one of the premier firms offering financial reorganization counsel. Our expertise in all aspects of insolvency has earned the Firm a national reputation for excellence. Members of the Insolvency group regularly represent a broad spectrum of parties in and out of bankruptcy court in a variety of matters, including:

- loan workouts and debt restructuring;
- debtor in possession financing and cash collateral agreements;
- representation of unsecured creditor committees, equity security holders and bondholders committees;
- negotiating reorganization and competing plans;
- representing creditors, trustees and debtors in liquidations;
- acquiring assets from insolvent or distressed companies;
- prosecution and defense of preference and fraudulent conveyance actions;
- commencing and litigating involuntary bankruptcy petitions;
- advice on executory contracts, leases and intellectual property rights;
- prosecution of nondischargeability actions;
- preparation of proofs of claim and litigation of disputed claims;
- foreign representatives in ancillary proceedings;
- purchasing of claims in bankruptcy;
- relief from stay motions.

The Firm's focus in each matter is to develop legal and business solutions that create and preserve "value" for our clients. This approach demands a total understanding of business issues and strategies, as well as recognition of practical concerns. In combining business and legal expertise, the members of the Insolvency group consistently distinguish themselves as a team that delivers consistently favorable results to our clients.

## EXHIBIT "2"
### List of Professionals and Hourly Rates and Standard Charges (as of January 1, 2010)

| Professional | Position | Hourly Rate |
|---|---|---|

The following professionals will be the primary attorneys representing the Committee in this case:

| | | |
|---|---|---|
| Benjamin S. Seigel (Insolvency) | Shareholder | $625.00 |
| Jeffrey K. Garfinkle (Insolvency) | Shareholder | $525.00 |
| Joseph M. Welch (Insolvency) | Associate | $235.00 |

In addition to foregoing professionals, it may be necessary to use other professionals in the Firm's Insolvency and Healthcare Groups from time to time:

| | | |
|---|---|---|
| Steven Spector (Insolvency) | Shareholder | $625.00 |
| Pamela K. Webster (Insolvency) | Shareholder | $575.00 |
| Randye B. Soref (Insolvency) | Shareholder | $575.00 |
| Daniel Slate (Insolvency) | Shareholder | $575.00 |
| Bernard D. Bollinger (Insolvency) | Shareholder | $525.00 |
| William S. Brody (Insolvency) | Shareholder | $525.00 |
| Mary H. Rose (Healthcare/Insolvency) | Shareholder | $475.00 |
| Carol Lucas (Healthcare) | Shareholder | $475.00 |
| J. Alexandra Rhim (Insolvency) | Senior Counsel | $430.00 |
| Anthony Napolitano (Insolvency) | Associate | $350.00 |
| Brian Harvey (Insolvency) | Associate | $290.00 |

To the extent necessary, other professionals from other practice groups may be used from time to time. Their rates are as follows:

| | |
|---|---|
| Shareholders: | $375-$625 |
| Of Counsel/Senior Counsel: | $325-$635 |
| Associates: | $235-$450 |
| Law Clerks: | $100-$170 |
| Paralegals: | $90-$220 |

These standard fees are subject to periodic adjustment.

BN 6301185v3

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "3"**

**INDIVIDUAL RESUMES**

BN 6301185v3

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BUCHALTER NEMER AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; ETC.**



Jeff Garfinkle is a Shareholder of Buchalter Nemer. Mr. Garfinkle is head of Buchalter's Insolvency and Bank and Finance Practice Groups in its Orange County office. Mr. Garfinkle's practice encompasses the representation of secured creditors, creditors' committees, unsecured creditors, debtors and other parties in a variety of bankruptcy and restructuring cases, including out of court workouts.



Mr. Garfinkle routinely represents clients throughout the United States. Some of the more notable bankruptcy cases Mr. Garfinkle has handled include:

**Jeffrey K. Garfinkle**
Orange County, California
Shareholder

P (949) 760-1121
F (949) 720-0182
jgarfinkle@buchalter.com

- *Real Estate Partners*—Represents the joint equity committee in these large real estate investment bankruptcy cases, involving $60 million in investments in multiple limited partnerships. These cases filed Chapter 11 in November 2007 in Santa Ana, California.

- *Ownit Mortgage*—Represents this large subprime lender, as special corporate and reorganization counsel, in its Chapter 11 case filed in December 2006 in Los Angeles, California. This case involves the first major subprime lender to file Chapter 11.

- *London Fog/Pacific Trails/Homestead Home Furnishings*—Represents the creditors' committee of these debtors that filed Chapter 11 in Reno, Nevada in March 2006. The debtors were involved in the manufacture, distribution and sale of apparel and home furnishings.

- *Protocol Services*—Represents the debtors in the Chapter 11 cases of Protocol Services and its related companies which are pending in San Diego, California. Protocol is one the largest direct marketing companies in North America with operations in 10 states and Canada and over 4,000 employees. The company successfully reorganized in January 2007.

- *Intrepid USA*—From 2004 until 2006, represented the creditors' committee in the Chapter 11 cases of Intrepid USA, which were filed in Minneapolis, Minnesota. Intrepid USA was one of the largest home health care providers in the United States then operating in 27 states. In January 2006, Intrepid's reorganization plan was confirmed. Under the plan, unsecured creditors were paid in full.

- *Proxim, Inc.*—During 2005, represented Moseley Wireless as the stalking horse bidder and DIP lender in its proposed acquisition of Proxim out of the Delaware bankruptcy court.

- *Phar-Mor, Inc.*—Since 2001, represents the largest unsecured creditor and chairman of the creditors' committee in the Phar-Mor bankruptcy case (currently pending in Youngstown, Ohio). Phar-Mor was a regional pharmacy based in the mid-west that as of its bankruptcy filing had nearly 140 stores. In its second bankruptcy case, Phar-Mor liquidated all of its stores and Mr. Garfinkle was actively involved in those liquidations.

- *K-Mart*—In 2003, represented United Online in its purchaser of Bluelight.com, an internet service provider with 600,000 customers, in the K-Mart bankruptcy case in Chicago, Illinois.

- *Philippine Airlines*—From 1997 through 2003, represented Philippine Airlines in its world-wide bankruptcy case, including its § 304 ancillary bankruptcy proceeding in San Francisco, California.



From 1991 through 2003, Mr. Garfinkle was an Associate then Senior Counsel with the national law firm of Brobeck, Phleger & Harrison LLP. In February 2003, Mr. Garfinkle relocated his practice to Buchalter, Nemer. During 1990 and 1991, Mr. Garfinkle served as law clerk to the Honorable Louise DeCarl Adler, United States Bankruptcy Judge for the Southern District of California.

Throughout his career, Mr. Garfinkle has been lead counsel in notable bankruptcy appellate decisions issued by Federal Courts of Appeals.  They include:

- *Ameriquest v. Nosek*, 544 F.3d 34 (1ˢᵗ Cir. 2008)—first appellate court decision holding that Bankruptcy Code § 1322(b) does not require home mortgage lenders to conform internal accounting practices to the repayment structures authorized by Chapter 13 plans, thereby resulting in a reversal of $750,000 in sanctions awarded against the mortgage servicer.

- *Phar-Mor, Inc. v. McKesson, 534 F.3d 502* (6th Cir. 2008)—landmark appellate court decision establishing the senior priority of reclaiming sellers over all secured creditors and the right of reclaiming sellers to receive administrative claims on account of goods sold on the eve of bankruptcy.  In this decision, the 6ᵗʰ Circuit rejected numerous contrary lower court decisions.

- *In re Rainbow Magazine, Inc.*, 77 F.3d 278 (9th Cir. 1996)—recognizing the inherent power of bankruptcy courts to sanction, and in so doing, reversed prior case law in 9ᵗʰ Circuit.

In addition, Mr. Garfinkle has been involved with numerous disputes that resulted in published decisions of bankruptcy courts. They include *In re Women First Healthcare, Inc.*, 345 B.R. 131 (Bankr.D.Del. 2006); *Homestead Holdings, Inc. v. Broome & Wellington (In re PTI Holding Corp.*), 346 B.R. 820 (Bankr. D. Nev. 2006); *In re Phar-Mor, Inc.*, 301 B.R. 482 (Bankr. N.D. Ohio 2003); *In re Jaeger*, 213 B.R. 578 (Bankr. C.D. Cal. 1997); *In re Maruko, Inc.*, 206 B.R. 225 (Bankr. S.D. Cal. 1997); *In re San Diego Symphony Orchestra Ass'n.*, 201 B.R. 978 (Bankr. S.D. Cal. 1996); *In re Maruko, Inc.*, 200 B.R. 876 (Bankr. S.D. Cal. 1996); and *In re Warner Springs Partnership*, 193 B.R. 28 (Bankr. S.D. Cal 1995).

Mr. Garfinkle is a frequent speaker on bankruptcy, debt financing and commercial law issues. He has spoken at the National Conference of Bankruptcy Judges, conferences of the American Bankruptcy Institute, and several conferences held by the American Bar Association.

The following is a partial list of Mr. Garfinkle's published articles: *"Choice of Bankruptcy Law Arising from International Transactions"* (ABA 1999); *"Close Enough for Comity: Philippine Rehabilitation Law and Philippine Airlines' Section 304 Proceeding,"* American Bankruptcy Institute Journal, February 1999; and *"Ninth Circuit Recognizes 'New Value Exception' for Chapter 11 Plans,"* Distressed Business Real Estate Newsletter, Oct.–Nov. 1993.

Mr. Garfinkle is admitted to the United States Supreme Court, First, Sixth and Ninth Circuit Courts of Appeals as well as all United States District Courts in California. He is a member of the American Bar Association, American Bankruptcy Institute, Financial Lawyers Conference and the California Bankruptcy Forum.

Mr. Garfinkle earned his J.D. degree in 1990 from Emory University School of Law. He received his B.A. degree from the University of Florida in 1987.

| Areas of Practice: | Bar Admissions: |
|---|---|
| Financial Solutions | U.S. Supreme Court |
| Bank and Finance | U.S. Courts of Appeal |
| Bankruptcy | 1st, 6th and 9th Circuits |
| Insolvency | U.S. District Courts, All Districts in California |
| Workouts | |



Benjamin Seigel is a Shareholder in the firm's Financial Restructuring and Insolvency Practice Group in Los Angeles. Mr. Seigel has represented numerous types of interests in bankruptcy cases throughout the country. He has represented significant parties in bankruptcy cases including:



- B.U.M. International, Inc. (counsel to exit financier)
- Carter, Hawley, Hale (counsel to largest unsecured creditor and served on creditors committee)
- Converse (special counsel to creditors committee)
- Fedco, Inc. (counsel to property owner and other interests)
- Frederick's of Hollywood (counsel to creditors committee)
- Laykin et Cie (liquidating trustee)
- Orange County (counsel to Orange County Employees' Retirement System)
- Susan J. Powter (counsel to equity group)
- Sambo's Inc. (counsel to landlords)
- Standard Brands Paint Co. #2 (counsel to liquidator)
- TR-3 Industries (counsel to senior secured creditor)
- The Sirena Apparel Group (counsel to creditors committee)
- Teddi of California, Inc. (counsel to senior secured lender)
- Factory 2-U Stores Inc. (counsel to preference defendants)
- Health Plan of the Redwoods (counsel to creditors committee)
- Brotman Medical Center, Inc. (counsel to creditors committee)
- S&B Surgery Center (counsel to creditors committee)

**Benjamin S. Seigel**

Los Angeles, California
Shareholder

P (213) 891-0700
F (213) 630-5676
bseigel@buchalter.com

Mr. Seigel served as an officer in the United States Navy from 1958-1961, where he was a trial and defense counsel for Special Courts-Martial.

As an adjunct instructor at the University of West Los Angeles School of Law and Paralegal Studies, Mr. Seigel taught legal theory and practice, contracts, torts, real property, business planning and bankruptcy. He frequently lectures to accounting firms, financial institutions and other organizations on debtor/creditor topics, including the financial and psychological benefits of resolving disputes through mediation.

Mr. Seigel has published several articles on the practical aspects of mediation of business disputes and has served as a mediator for the United States Bankruptcy Court for the Central District of California since 1995. He is the founder and current President of the American Mediation Association, Inc.

**Recent Presentations and Publications**
- "Meltdown Mediation," *Dispute Resolution Magazine*, Winter 2010
- "Staying Alive; Making $$$ in a Down Market," Fashion Group International, March 26, 2009
- " Contingent Liabilities," *RMA Journal*, March 2009
- "Alternatives to Chapter 11 After the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA)," California Capital Markets Meeting, September 19, 2008
- "Chapter 11 After BAPCPA: Alternatives Revisited," *Points & Authorities*, Spring 2007
- "Mediation of Professional Liability Disputes," County Bar update, March 2006
- " Using Contingent Liability Analysis in the Loan Approval Process," *RMA Journal*, December 2005-January 2006
- " Valuation of contingent liabilities: some risk management considerations for lenders," *RMA Journal*, 2005
- "Mediation of Bankruptcy Disputes: An Economic Lesson for Lenders," *Points & Authorities*, Fall 2004

Mr. Seigel is the founding President and Director of the California Bankruptcy Forum. He is also a Director and former President of the Los Angeles Bankruptcy Forum and past Chair of the Bankruptcy Section of the Beverly Hills Bar Association. Mr. Seigel is a member of the Financial Lawyers Conference and the American Bankruptcy Institute. He served on the Debtor/Creditor Relations and Bankruptcy Committee of the California State Bar. He was the principal drafter of assignment for benefit of creditors legislation enacted in California in 1992 and 1999.

Mr. Seigel is a member of the Executive Board of the California Fashion Association. He serves on the Board of Directors of the Apparel Industries Group of City of Hope and is Chairman Emeritus of the Israel Cancer Research Fund.

Mr. Seigel earned his J.D. *cum laude* from the University Of West Los Angeles School Of Law. He received his B.S. degree in Chemical Engineering from the University of Missouri, Columbia, Missouri.

Areas of Practice:

Financial Solutions
Bankruptcy
Insolvency
Mediation
Workouts

Bar Admissions:

California
District of Columbia
U.S. District Court Central District of California
U.S. District Court Southern District of California
U.S. District Court Northern District of California
U.S. District Court Eastern District of California
U.S. Court of Appeals 9th Circuit
U.S. Tax Court
U.S. Court of Federal Claims
U.S. Supreme Court

 

Joseph M. Welch is an Associate in the firm's Insolvency and Financial Solutions Practice Group in Orange County. His focus is primarily in the areas of bankruptcy, litigation and real estate.

Mr. Welch represents corporate and individual creditors, debtors and trustees in all aspects of Chapter 11 and Chapter 7 bankruptcy proceedings including: preparation of first day or emergency motions authorizing continued use of cash collateral and/or cash management systems, payment of prepetition payroll obligations and/or prepetition critical vendors, developing business strategies regarding restructuring of businesses, negotiating the purchase and sale of assets free and clear of encumbrances, preparing and defending avoidance actions, objecting to and defending claims against the estate, abandoning and compromising estate assets, compelling lease assumption/ rejection, and assisting with preparing plans of reorganization and disclosure statements.



**Joseph M. Welch**
Orange County
Associate

P (949) 224-6257
F (949) 224-6404
jwelch@buchalter.com

He also represents clients in all aspects of commercial litigation and bankruptcy court litigation, including case assessment, initiating adversary proceedings or other actions, conducting Rule 2004 examinations and other discovery, instituting pre- and post-judgment remedies, drafting motions, preparing cases for trial, attending procedural and substantive hearings, and settling adversary disputes on negative notice. In 2009, Mr. Welch successfully first-chaired a trial for revocation of discharge.

Mr. Welch co-authored "Understanding a Utility's Rights and Responsibilities in Bankruptcy" for the *Public Law Journal* (an official publication of the State Bar of California Public Law Section), published Winter 2010.

Prior to practicing law, Mr. Welch was executive vice president of a mortgage corporation, and principal of a real estate and mortgage brokerage. Mr. Welch is fluent in Spanish.

Mr. Welch earned his J.D. *cum laude* at Loyola Law School in 2008, where he was a member of the Order of the Coif. While in law school, he was president of the St. Thomas More Law Honor Society, co-chair of the J. Reuben Clark Law Society and a member of Alpha Sigma Nu. He was honored by the Alumni Association Board of Governors at graduation for significant contributions to the law school and society. He received his B.A. at Brigham Young University in 1998, where he was a member of the Golden Key International Honor Society and the youngest member in his graduating class at age 19.

| Areas of Practice: | Bar Admissions: |
|---|---|
| Insolvency | California |
| Bankruptcy | U.S. District Court Central District of California |
| Litigation | U.S. District Court Eastern District of California |
| Real Estate | U.S. District Court Southern District of California |
| | U.S. Court of Appeals 9th Circuit |

Case 8:10-bk-16743-TA    Doc 120-1    Filed 06/14/10    Entered 06/14/10 17:09:53    Desc
Proof of Service    Page 1 of 3

| In re:<br>Westcliff Medical Laboratories, Inc.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 10-16743 |
|---|---|

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18400 Von Karman Ave., Ste. 800, Irvine, CA  92612

A true and correct copy of the foregoing document described as <u>APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF BUCHALTER NEMER, A PROFESSIONAL CORPORATION AS COUNSEL TO THE OFFICIAL COMMITTEE NUNC PRO TUNC TO MAY 24, 2010, DECLARATION OF JEFFREY K. GARFINKLE IN SUPPORT THEREOF</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:
U. S. Mail

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 6/14/10 _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

- Todd M Arnold    tma@lnbrb.com
- Richard L Barnett    rick@barnettrubin.com, rlbsec@barnettrubin.com
- Ron Bender    rb@lnbrb.com
- Jennifer Witherell Crastz    jcrastz@hemar-rousso.com
- Carol J Fogleman    mfrost@bwslaw.com
- John-patrick M Fritz    jpf@lnbrb.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Michael J Heyman    michael.heyman@klgates.com
- Mark D Houle    mark.houle@pillsburylaw.com
- Andy Kong    Kong.Andy@ArentFox.com
- Rodger M Landau    rlandau@lgbfirm.com, kmoss@lgbfirm.com
- Michael B Lubic    michael.lubic@klgates.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- Justin E Rawlins    jrawlins@winston.com, docketla@winston.com
- Jacqueline L Rodriguez    jlr@lnbrb.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Sharon Z Weiss    sharon.weiss@hro.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 6/14/10 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                    **F 9013-3.1**

Case 8:10-bk-16743-TA    Doc 120-1    Filed 06/14/10    Entered 06/14/10 17:09:53    Desc
Proof of Service    Page 2 of 3

bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Westcliff Medical Laboratories, Inc.
1821 E. Dyer Rd., #100
Santa Ana, CA  92705

BioLabs, Inc.
1821 E. Dyer Rd., #100
Santa Ana, CA  92705

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/14/10 | Loretta Goodwin | /s/ Loretta Goodwin |
|---------|-----------------|---------------------|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br>Westcliff Medical Laboratories, Inc. | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 10-16743 |

**ADDITIONAL SERVICE INFORMATION (if needed):**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9013-3.1**