1  RON BENDER (SBN 143364)
   JACQUELINE L. RODRIGUEZ (SBN 198838)
2  TODD M. ARNOLD (SBN 221868)
3  JOHN-PATRICK M. FRITZ (SBN 245240)
   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
4  10250 Constellation Boulevard, Suite 1700
   Los Angeles, California 90067
5  Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
   Email: rb@lnbyb.com; jlr@lnbyb.com; tma@lnbyb.com; jpf@lnbyb.com
6
7  Attorneys for Chapter 11 Debtors and Debtors in Possession

8                    UNITED STATES BANKRUPTCY COURT
                     CENTRAL DISTRICT OF CALIFORNIA
9                          (SANTA ANA DIVISION)

10 In re:                          Lead Case No. 8:10-bk-16743-TA
                                   Jointly Administered with
11 WESTCLIFF MEDICAL               Case No. 8:10-bk-16746-TA
   LABORATORIES, INC.,
                                   Chapter 11 Cases
12
            Debtor.
13 _____        AMENDED APPLICATION OF DEBTORS
                                   AND DEBTORS IN POSSESSION TO
14 BIOLABS, INC.,                  EMPLOY KIRKLAND & ELLIS LLP AS
                                   SPECIAL CORPORATE COUNSEL
15          Debtor.                PURSUANT TO 11 U.S.C. §§ 327(e)
                                   AND 330; DECLARATION OF RYAN
16 _____        BENNETT IN SUPPORT THEREOF

17 ☒ Affects Both Debtors
                                   [No  Hearing  Required  –  Local
18 ☐ Affects WESTCLIFF MEDICAL     Bankruptcy Rule 2014-1(b)]
     LABORATORIES, INC. only
19
20 ☐ Affects BIOLABS, INC.
   only
21
22
23
24
25
26
27
28

1

1      In   support   of   this   amended   application   (the   "Amended

2  Application") to employ Kirkland & Ellis LLP ("K&E") as special

3  corporate   counsel   pursuant   to   11   U.S.C.   §§   327(e)   and   330,

4  Westcliff Medical Laboratories, Inc. ("Westcliff") and BioLabs,

5  Inc.   ("BioLabs"),   Chapter   11   Debtors   and   Debtors-in-Possession

6  (collectively,   the   "Debtors"),   hereby   respectfully   represent   as

7  follows:

8  **A.   BACKGROUND.**

9     1.   Westcliff and Biolabs commenced their bankruptcy cases

10  by filing voluntary petitions under Chapter 11 of 11 U.S.C. § 101

11  et seq. (the "Bankruptcy Code") on May 19, 2010 (the "Petition

12  Date").   The Debtors continue to manage their financial affairs

13  and   operate   their   bankruptcy   estates   as   debtors   in   possession

14  pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

15     2.   BioLabs is the parent company to Westcliff, which is

16  the operating company.   Biolabs was organized for the purposes of

17  acquiring 100% of the capital stock and other equity interests of

18  Westcliff.   The only material asset owned by BioLabs is its stock

19  interest in Westcliff.

20     3.   Westcliff   was   founded   in   1964   as   a   community-based

21  laboratory and is headquartered in Santa Ana, California.   Prior

22  to the sale of substantially all of the Debtors' assets (the

23  "Sale"), which sale closed on June 16, 2010, Westcliff was the

24  operator   of   approximately   170   branded,   stand-alone,   patient

25  service center laboratories and STAT labs that provided various

26  services,   including   clinical   testing,   pathology,   reporting   and

27  support   services   for   the   benefit   of   thousands   of   out-patients

28

1 | throughout California.    Prior to the close of the Sale, the
2 | Debtors had nearly 1,000 employees.

3 |     4.    Much of the Debtors' growth prior to the Petition Date
4 | came from the acquisition of other labs, which caused the Debtors
5 | to incur a substantial amount of debt.  Prior to the close of the
6 | Sale, the Debtors owed approximately $56 million to GE Business
7 | Financial Services, Inc. ("GE"), which was secured by a senior
8 | priority lien against all or substantially all of the Debtors'
9 | assets.

10 | **B.    THE NECESSITY FOR FILING BANKRUPTCY, THE SALE, AND POST-SALE**
11 | **ACTIVITIES.**

12 |     5.    While the Debtors' revenue was significant, due to the
13 | small profit margins in this business, despite significant and
14 | continuing cost cutting measures undertaken by the Debtors, the
15 | Debtors were simply not able to operate sufficiently profitably
16 | to enable the Debtors to repay their debts.

17 |     6.    The Debtors suffered a net loss of approximately $87
18 | million in 2008 (including expenses and write offs of
19 | approximately $171 million) on net revenue of approximately $84
20 | million.   The Debtors suffered a net loss of approximately $13
21 | million in 2009 (including expenses and write offs of
22 | approximately $110 million) on net revenue of approximately $97
23 | million.

24 |     7.    While the Debtors instituted as many expense reductions
25 | as were reasonably possible, the Debtors' losses continued.
26 | Since the beginning of 2009, the Debtors have been unable to make
27 | any debt service payments to GE, and the Debtors have been unable
28 |

3

1   to remain current with their other debt obligations, including
2   payments owing to former owners of companies the Debtors
3   previously purchased as part of the Debtors' overall growth
4   strategy.    Indeed, the Debtors were only able to survive
5   financially over the past approximately seventeen months leading
6   up to the Sale because GE agreed to provide the Debtors with
7   additional funding.

8       8.   The only way the Debtors could have survived as a
9   stand-alone, going-concern business would have been for the
10  Debtors to raise many millions of dollars of additional equity
11  which was not possible given the Debtors' debt structure.

12      9.   While the Debtors anticipated growth in Westcliff's
13  business operations and reducing per patient costs and increasing
14  profits in the years to come, the Debtors realized that they
15  needed additional time and funding to accomplish such results.
16  The Debtors were not able to obtain such funding.   It therefore
17  became clear to the Debtors in early 2009 that the only viable
18  option available to the Debtors to avoid a shut down of their
19  business and the loss of employment by all of the Debtors'
20  employees would be for the Debtors to sell their business as a
21  going concern to the highest bidder.   Therefore, as set forth in
22  numerous pleadings filed with the Court, the Debtors determined
23  that an expedited sale of substantially all of the Debtors'
24  assets in bankruptcy followed by a liquidating plan was in the
25  overwhelming best interests of the Debtors' estates and their
26  creditors.

27

28

4

1    10.    In conjunction with the Sale, the Debtors, GE, and the
2    Official Committee of Unsecured Creditors entered into a
3    stipulation regarding the allocation of proceeds from the Sale
4    and other assets remaining with the Debtors after the Sale (the
5    "Allocation Stipulation").    Pursuant to the Allocation
6    Stipulation, the Debtors have obtained some unencumbered cash
7    from the proceeds of the Sale, and the Debtors expect to obtain
8    additional unencumbered funds from, among other things, the
9    liquidation of accounts receivable.    Any other secured debt of
10   the Debtors is relatively small in nature and relates to liens
11   against only certain of the Debtors' equipment.    The Debtors also
12   have a substantial amount of unsecured debt.

13       11.    Since the close of the Sale, the Debtors have been
14   addressing transitional issues, liquidating accounts receivable,
15   which were not part of the Sale, and starting the process of
16   formulating a liquidating plan or plans.

17   C.        **THE EMPLOYMENT OF K&E.**

18       12.    On or about May 20, 2010, the Debtors filed their
19   Notice of Application and Application to Employ Kirkland & Ellis
20   LLP as Special Corporate Counsel Pursuant to 11 U.S.C. §§ 327(e)
21   and 330 (the "Application") [docket entry nos. 19 and 20].    On or
22   about July 1, 2010, the Court entered an order [docket entry no.
23   159] granting the Application.

24       13.    K&E has served as the Debtors' general corporate
25   counsel since 2008.    K&E was extensively involved in the
26   negotiation of the terms of the Sale and the APA, as well as the
27   drafting of the APA.

28

5

1    14.  Based on the foregoing, and after taking into account
2  firm size, experience, skill level and cost, the Debtors
3  determined that K&E is the ideal special corporate counsel to
4  represent the Debtors in corporate matters in their Bankruptcy
5  cases.

6    15.  In particular, the Debtors employed K&E as their
7  special corporate counsel to render, among others, the following
8  types of professional services:

9       a.   to assist the Debtors and Levene, Neale, Bender,
10      Yoo & Brill L.L.P. ("LNBYB"), the Debtors' general
11      bankruptcy counsel, in drafting documents and taking actions
12      that may be necessary to consummate the Sale;

13      b.   to assist the Debtors preparing all documents and
14      taking all actions necessary for the Debtors' to maintain
15      their Corporate status in good standing;

16      c.   to assist and advise the Debtors and LNBYB
17      regarding corporate matters that arose prior to the Petition
18      Date and that arise after the Petition Date;

19      d.   to provide corporate information to LNBYB that may
20      be required to move the Debtors' bankruptcy cases forward;
21      and

22      e.   to perform any other services which may be
23      appropriate in K&E's representation of the Debtors as their
24      special corporate counsel during the Debtors' bankruptcy
25      cases.

26    16.  After the filing of the Application, the Federal Trade
27  Commission (the "FTC") raised concerns that the Sale of the
28

6

1  Debtors' business as a going concern to the Buyer might implicate
2  anti-competitive issues in the marketplace.    In connection with
3  this concern, the FTC began an inquiry into the Sale, the Buyer,
4  the Debtors, the Debtors' business, their management, officers,
5  directors, and equity holders.   This included broad inquiries and
6  subpoenas involving: (i) the Debtors; (ii) Parthenon Investors
7  II, LP ("Parthenon"), as the majority shareholder of Biolabs;
8  (iii) William Kessinger ("Kessinger"), as a member of the board
9  of directors of both the Debtors; (iv) FTI Consulting, Inc.
10 ("FTI") as the provider of CRO and CFO services to the Debtors;
11 and (v) Matthew Pakkala ("Pakkala") as the professional from FTI
12 providing CRO services to the Debtors.

13      17.  K&E rendered to Parthenon, Kessinger, FTI, and Pakkala
14 legal services directly related to the FTC inquiry into the
15 Debtors' Sale, and these legal services were wholly for the
16 benefit of the Debtors in complying with the FTC inquiry.   These
17 services included and may continue to include, but are not
18 limited to,  responding to subpoenas, Civil Investigative Demands
19 for the Debtors' documents and records, and representing Pakkala
20 in depositions and testimony in front of the FTC.

21      18.   The Debtors seek to amend the Application, effective as
22 of the Petition Date, such that the scope of K&E's employment and
23 compensation encompass services rendered to Parthenon, Kessinger,
24 FTI, and Pakkala and any other officer, director, or equity
25 holder complying with the FTC inquiry to the extent that such
26 services directly relate to the FTC inquiry into circumstances
27
28

7

1  surrounding the Debtors' Sale.  The remainder of the Application,

2  its terms, scope, and applicability will remain unchanged.

3      **WHEREFORE,** the Debtors respectfully request that the Court

4  approve the Debtors' employment of K&E as their special corporate

5  counsel, as amended by this Amended Application, effective as of

6  the Petition Date, upon the terms and conditions set forth above

7  effective as of the Petition Date.

8  Dated: September 30, 2010      WESTCLIFF MEDICAL LABORATORIES,
                                   INC.
9

10                                  - and -

11                                 BIOLABS, INC.

12

13                              By:  */s/ Matthew Pakkala*
                                     MATTHEW PAKKALA
14                                   Chief Restructuring Officer

15

16  Submitted by:
    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
17

18  By:  */s/ Ron Bender*
19       RON BENDER
         JACQUELINE L. RODRIGUEZ
20       TODD M. ARNOLD
         JOHN-PATRICK M. FRITZ
21       LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
         Attorneys for Chapter 11 Debtors
22       and Debtors in Possession

23

24

25

26

27

28

8

**DECLARATION OF RYAN BENNETT, ESQ.**

I, RYAN BENNETT, hereby declare as follows:

1.  I am over 18 years of age.  Except where otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, I could and would testify competently thereto.

2.  I am duly licensed to practice law in the state of Illinois, in the United States District Courts for the Northern District of Illinois and Western District of Michigan, and before the United States Courts of Appeals for the Seventh and Federal Circuits, and the Supreme Court of the United States.

3.  I am a partner in the law firm of Kirkland & Ellis, LLP ("K&E"), special corporate counsel to Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), counsel to Westcliff Medical Laboratories, Inc. ("Westcliff") and BioLabs, Inc. ("BioLabs"), Chapter 11 Debtors and Debtors-in-Possession (collectively, the "Debtors").

4.  I make this declaration in support of the amended application (the "Amended Application") to which this declaration is attached.  Unless otherwise stated, all capitalized terms herein have the same meanings as in the Application.

5.  On or about May 20, 2010, the Debtors filed their Notice of Application and Application to Employ Kirkland & Ellis LLP as Special Corporate Counsel Pursuant to 11 U.S.C. §§ 327(e)

9

1  and 330 (the "Application") [docket entry nos. 19 and 20]. On or

2  about July 1, 2010, the Court entered an order [docket entry no.

3  159] granting the Application.

4      6.   K&E has served as the Debtors' general corporate

5  counsel since 2008.   K&E was extensively involved in the

6
7  negotiation of the terms of the Sale and the APA, as well as the

8  drafting of the APA.

9      7.   Based on the foregoing, and after taking into account

10  firm size, experience, skill level and cost, the Debtors

11  determined that K&E is the ideal special corporate counsel to

12  represent the Debtors in corporate matters in their bankruptcy

13  cases.

14
15      8.   In particular, the Debtors employed K&E as their

16  special corporate counsel to render, among others, the following

17  types of professional services:

18
            a. to assist the Debtors and Levene, Neale, Bender, Yoo

19             & Brill L.L.P. ("LNBYB"), the Debtors' general

20             bankruptcy counsel, in drafting documents and taking

21             actions that may be necessary to consummate the Sale;

22
            b. to assist the Debtors preparing all documents and

23             taking all actions necessary for the Debtors' to

24             maintain their Corporate status in good standing;

25
            c. to assist and advise the Debtors and LNBYB regarding

26             corporate matters that arose prior to the Petition

27             Date and that arise after the Petition Date;

28

10

1         d. to provide corporate information to LNBYB that may be
2             required to move the Debtors' bankruptcy cases
3             forward; and
4         e. to perform any other services which may be
5             appropriate in K&E's representation of the Debtors as
6             their special corporate counsel during the Debtors'
7             bankruptcy cases.
8
9       9.    After the filing of the Application, the Federal Trade
10  Commission (the "FTC") raised concerns that the Sale of the
11  Debtors' business as a going concern to the Buyer might implicate
12  anti-competitive issues in the marketplace. In connection with
13  this concern, the FTC began an inquiry into the Sale, the Buyer,
14  the Debtors, the Debtors' business, their management, officers,
15  and directors. This included broad inquiries and subpoenas
16  involving: (i) the Debtors; (ii) Parthenon Investors II, LP
17  ("Parthenon"), as the majority shareholder of Biolabs; (iii)
18  William Kessinger ("Kessinger"), as a member of the board of
19  directors of both the Debtors; (iv) FTI Consulting, Inc. ("FTI")
20  as the provider of CRO and CFO services to the Debtors; and (v)
21  Matthew Pakkala ("Pakkala") as the professional from FTI
22  providing CRO services to the Debtors
23
24      10.   K&E rendered to Parthenon, Kessinger, FTI, and Pakkala
25  legal services directly related to the FTC inquiry into the
26  Debtors' Sale, and these legal services were wholly for the
27
28

11

benefit of the Debtors in complying with the FTC inquiry. These services included and may continue to include, but are not limited to, responding to subpoenas, Civil Investigative Demands for the Debtors' documents and records, and representing Pakkala in depositions and testimony in front of the FTC.

11. The Debtors seek to amend the Application, effective as of the Petition Date, such that the scope of K&E's employment and compensation encompass services rendered to Parthenon, Kessinger, FTI, Pakkala, and any other officer, director, or equity holder complying with the FTC inquiry to the extent that such services directly relate to the FTC inquiry into circumstances surrounding the Debtors' Sale. The remainder of the Application, its terms, scope, and applicability will remain unchanged.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this $\frac{30}{}$ day of September 2010, at Chicago, Illinois.

RYAN BENNETT

| In re:<br>WESTCLIFF MEDICAL LABORATORIES, INC. | CHAPTER 11 |
| | |
| Debtor(s). | CASE NUMBER Lead Case No. 8:10-bk-16743-TA<br>Jointly Administered with Case No. 8:10-bk-16746-TA |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

A true and correct copy of the foregoing document described as **AMENDED APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY KIRKLAND & ELLIS LLP AS SPECIAL CORPORATE COUNSEL PURSUANT TO 11 U.S.C. §§ 327(e) AND 330; DECLARATION OF RYAN BENNETT IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(D); and (a) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 1, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Todd M Arnold    tma@lnbrb.com
- Richard L Barnett    rick@barnettrubin.com, rlbsec@barnettrubin.com
- Ron Bender    rb@lnbrb.com
- Jennifer Witherell Crastz    jcrastz@hemar-rousso.com
- Carol J Fogleman    mfrost@bwslaw.com
- John-patrick M Fritz    jpf@lnbrb.com
- Jeffrey K Garfinkle    bkgroup@buchalter.com, jgarfinkle@buchalter.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- D Edward Hays    ehays@marshackhays.com
- Michael J Heyman    michael.heyman@klgates.com
- Mark D Houle    mark.houle@pillsburylaw.com
- Andy Kong    Kong.Andy@ArentFox.com
- Rodger M Landau    rlandau@lgbfirm.com, kmoss@lgbfirm.com
- Matthew A Lesnick    matt@lesnicklaw.com
- Michael B Lubic    michael.lubic@klgates.com
- Elissa Miller    emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- Justin E Rawlins    jrawlins@winston.com, docketla@winston.com
- Jacqueline L Rodriguez    jlr@lnbrb.com
- Benjamin Seigel    bseigel@buchalter.com, IFS_filing@buchalter.com
- David B Shemano    dshemano@pwkllp.com
- Philip E Strok    pstrok@wgllp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Howard J Weg    hweg@pwkllp.com
- Sharon Z Weiss    sharon.weiss@hro.com
- Joseph M Welch    jwelch@buchalter.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **October 1, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                        **F 9013-3.1**

| In re:<br>WESTCLIFF MEDICAL LABORATORIES, INC. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER Lead Case No. 8:10-bk-16743-TA<br>Jointly Administered with Case No. 8:10-bk-16746-TA |

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 1, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

<u>Via Attorney Service</u>
The Hon. Theodor C. Albert
United States Bankruptcy Court
411 West Fourth Street
Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **October 1, 2010** | Jason Klassi | */s/ Jason Klassi* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*       **F 9013-3.1**

In re Westcliff Medical Laboratories
In re BioLabs, Inc.
File No. 4367
Creditor Committee

SPECIALTY LABORATORIES
Attn: Sharon Z. Weiss
Holes Roberts & Owen LLP
800 W. Olympic Blvd., 4th Floor
Los Angeles, CA 90015-1367

SIEMENS HEALTHCARE
DIAGNOSTICS
Attn: Yesim Brisbane
P.O. Box 6101, MS 802
Newark, DE 19714-6101

ROCHE DIAGNOSTICS
CORPORATION
Attn: Wayne Mathias
9115 Hague Road
Indianapolis, IN 46250

DIASORIN INC.
Attn: Neal Domeyer
1951 Northwestern Avenue
P.O. Box 285
Stillwater, MN 55082

QIAGEN
Attn: Jonathan Isaac
1201 Clopper Road
Gaithersburg, MD 20878

IRVINE CORPORATE CENTER, LLC
Attn: Jim Savory
252 Clayton Street
Denver, CO 80206

GENZYME CORPORATION
Attn: D. Ross Martin
Ropes & Gray LLP
One International Place
Boston, MA 02110

Westcliff Medical Laboratories, Inc.
File No. 4367
Secured Creditors (Westcliff)
20 Largest (BioLabs)

Bank of America, N.A.
As Successor by Merger to LaSalle
Bank N
135 South LaSalle Street
Chicago, IL 60603

Becton Dickinson & Co.
Attn: Officer/Director/Legal Dept.
1 Becton Drive
Franklin Lakes, NJ 07417

BMT Leasing, Inc.
Attn: Officer/Director/Legal Dept.
P.O. Box 692
Bryn Mawr, PA 19010

CapitalSource Finance LLC
Gregory Browne, Managing Partner
4445 Willard Avenue, Twelfth Floor
Chevy Chase, MD 20815

Cisco Systems Capital Corp.
Attn: Officer/Director/Legal Dept.
170 W. Tasman Drive, MS SJ13-3
San Jose, CA 95134

CYTYC Limited Partnership
Attn: Officer/Director/Legal Dept.
250 Campus Drive
Marlborough, MA 01752

Diasorin, Inc.
Attn: Officer/Director/Legal Dept.
1951 Northwestern Avenue
Stillwater, MN 55082

GE Business Financial Serv., Inc.
Attn: Officer/Director/Legal Dept.
2 Bethesda Metro Ctr., Suite 600
Bethesda, MD 20814

GE Capital Business Fin. Serv., Inc
Attn: Officer/Director/Legal Dept.
2 Bethesda Metro Center, Suite 600
Bethesda, MD 20814

Jules and Associates, Inc.
Attn: Officer/Director/Legal Dept.
515 S. Figueroa St., Suite 1950
Los Angeles, CA 90071

Leasing Assoc. of Barrington, Inc.
Attn: Officer/Director/Legal Dept.
33 W. Higgins Road, Suite 1030
South Barrington, IL 60010

M & I Marshall & Ilsley Bank
Attn: Officer/Director/Legal Dept.
770 N. Water Street
Milwaukee, WI 53202

~~Merril Lynch Capital~~
~~Attn: Officer/Director/Legal Dept.~~
~~222 North LaSalle St., 16th Fl.~~
~~Chicago, IL 60601~~
New Address per returned mail; See
Below

~~Merril Lynch Capital, a Division of~~
~~Merril Lynch Bus. Fin. Serv., Inc., as A~~
~~222 North LaSalle St., 16th Fl.~~
~~Chicago, IL 60601~~
New Address per returned mail; See
Below

Norlease, Inc.
Attn: Officer/Director/Legal Dept.
50 South LaSalle Street
Chicago, IL 60675

Olympus America, Inc.
Attn: Officer/Director/Legal Dept.
3500 Corporate Parkway
Center Valley, PA 18034

Phadia US Inc.
Attn: Officer/Director/Legal Dept.
4169 Commercial Ave.
Portage, MI 49002

Pitney Bowes Credit Corp.
Attn: Officer/Director/Legal Dept.
27 Waterview Drive
Shelton, CT 06484

Pitney Bowes Global Fin. Serv., Inc
Attn: Officer/Director/Legal Dept.
27 Waterview Drive
Shelton, CT 06484

Roche Diagnostics Corporation
Attn: Officer/Director/Legal Dept.
9115 Hague Road
Indianapolis, IN 46250

Sandelman Finance 2006-1, Ltd
C/O Sandelman Partners LP, Bill Brown
500 Park Avenue, 3rd Fl.
New York, NY 10022

TCF Equipment Finance, Inc.
Attn: Officer/Director/Legal Dept.
11100 Wayzata Blvd., Suite 801
Minnetonka, MN 55305

Counsel to GE Business Financial
Services, Inc.
Randy Rogers
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Merril Lynch Capital
Attn: Officer/Director/Legal Dept.
500 W. Monroe Street, FL 10
Chicago, IL 60661-3688

Merril Lynch Capital, a Division of
Merril Lynch Bus. Fin. Serv., Inc., as A
500 W. Monroe Street, FL 10
Chicago, IL 60661-3688

In re Westcliff Medical Laboratories
In re BioLabs, Inc.
File No. 4367
RSN

Service by U.S. MAIL
or NEF if marked with *

Debtors
Westcliff Medical Laboratories, Inc.
BioLabs, Inc.
1821 E. Dyer Road, #100
Santa Ana, CA 92705

Counsel for Health Net, Inc.-RSN
Pillsbury Winthrop Shaw Pittman LLP
Attn: Mark D. Houle, Esq. **NEF** *
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122

RSN
Rita A. Woodard
Treasurer-Tax Collector
221 S. Mooney Blvd., Room 104-E
Visalia, CA 93291-4593

RSN
City and County of San Francisco
Treasurer/Tax Collector-Legal Section;
Attn Robert L. Fletcher, Jr.
P.O. Box 7426
San Francisco, CA 94120-7426

Committee-RSN
Benjamin Seigel/Jeffrey Garfinkle **NEF** *
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457

RSN
Los Angeles County Treasurer and Tax
Collector
P.O. Box 54110
Los Angeles, CA 90054-0110

RSN
Robert Brill, Of Counsel
Grant Callison, VP
Cambridge Healthcare Properties, Inc.
1717 Main Street, 59th Floor
Dallas, TX 75201

Frank Cadigan
Nancy Goldenberg
Terry Biers
Office of the U.S. Trustee
411 West Fourth St. Suite 9041
Santa Ana, CA 92701

Steven A. Oldham, Sr. Staff Atty
State of CA, Dept. of Health Care
Services
Office of Legal Services-MS 0010
P.O. Box 997413
Sacramento, CA 95899-7413

RSN
Counsel to Creditor Google
Scott E. Blakeley/Johnny White
Blakeley & Blakeley
2 Park Plaza, Suite 400
Irvine, CA 92614